SPECTOR, Judge.
Appellant seeks reversal of the trial court’s denial of relief under Section 322.-261(1) (d), Florida Statutes, F.S.A., upon ruling that he had refused to take a chemical test of his breath to determine the alcoholic content of his blood.
Appellant was arrested after being observed driving off the paved street as if his ability to control the car were impaired. When the arresting officer stopped appellant, the latter placed his car in reverse gear and backed into the police car. He was staggering and smelled heavily of alcohol. Upon being arrested and taken to the police station, appellant was advised that he was required to take a breath test for alcohol and he ostensibly agreed to it. But when the tube was placed to his mouth, appellant would not blow into it. The officer warned that he must complete the test but to no avail. Thereupon the officers reported appellant’s refusal to take the test, and the Department of Public Safety invoked its suspension power under Section 322.261(1) (c). The instant petition filed in the trial court pursuant to Section 322.-261(1) (d) followed.
Appellant first contends that he did not wilfully refuse to take the breath test. Rather, he contends that he was so incapacitated by his condition (drunk) that he was unable to take the test which required him to blow into the tube. In these circumstances, appellant contends that he should have been given a blood test as provided by Section 322.261(1) (b), Florida Statutes, F.S.A., relating to instances wherein the lawfully arrested driver is in *763 capable of refusal to take a test by reason of unconsciousness or other mental or physical condition. This contention is without merit. Examination of Section 322.261 (1) (b) makes it clear that there is no mandatory duty imposed on the state to administer such a test. The statute is couched in permissive terms, viz: “ * * * may be administered * * * ”, not mandatory terms. It is obvious from the testimony given by the officers seeking to administer the breath test to appellant that they did not regard appellant either unconscious or incapable of refusal by reason of some mental or physical condition. If the legis-ature had intended the state to take a blood test from every person who refused to submit to any of the chemical tests specified in the statute, the subject statutory provision would have been couched in mandatory terms.
The remaining question raised by appellant resolves itself into whether a driver who is voluntarily intoxicated can circumvent the purpose and intent of the so-called implied consent law by professing to be too drunk to perform the simple task —even for a drunk, we are told — of blowing breath into a tube or similar device for chemical testing. We think not. A similar question was considered by the appellate court in Bush v. Bright, 264 Cal.App.2d 788, 71 Cal.Rptr. 123, and was resolved by the following language at page 126:
“[6] It seems reasonable to us that an automobile driver should be held accountable for his act of refusing a test under section 13353 while in a state of voluntary intoxication. We therefore hold that, if the requirements of section 13353 are otherwise met, regardless of the degree of his voluntary intoxication or lack of understanding resulting therefrom, when a driver of an automobile refuses or otherwise manifests an unwillingness to take the required test he is subject to the license suspension provisions of that section.”
There is no showing, as contended by appellant, that he was in such a drunken state so as to not have sufficient control of his faculties to knowingly refuse to take the test in question. On the contrary, he agreed to take it but when called upon to carry out his agreement, he stubbornly refused to do so. In these circumstances, the trial court was justified in ruling that appellant had failed to cooperate by refusing to complete the test.
Accordingly, the order reviewed herein is affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON, J., concur.