**In the Matter of the Revocation of the Driver's License of Richard A. SCHUTTLER.**

**No. 12093.**

Supreme Court of South Dakota.

Submitted on Briefs Jan. 13, 1978.

Decided Feb. 1, 1978.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on brief.

John R. McDowell of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and respondent Richard A. Schuttler.

DUNN, Chief Justice.

This is another in the series of cases requiring an interpretation of South Dakota's implied consent law. A hearing examiner for the Department of Public Safety ordered the defendant's driver's license revoked because of his refusal to take a blood test when requested to do so. A circuit court judge for the Second Judicial Circuit reversed the order of the Department of Public Safety, concluding that the defendant was too intoxicated to understand the implied consent warning given him and that the defendant had the right to change his mind and take the blood test thirty minutes after his initial refusal. We reverse the trial court's judgment.

On February 18, 1976, an officer with the Sioux Falls Police Department observed the defendant's car crossing the center lane of the street and returning to the extreme right lane. After stopping the car, the officer requested that the defendant perform some dexterity tests, which he had trouble performing. He was placed under arrest for violating SDCL 32–23–1, and his rights under the implied consent law were read to him in the patrol car and at the hospital to which he was taken. The defendant stated at the time that he understood what he was being told, but the officer testified that the defendant was so inebriated that there was a chance that he might not have understood the full impact of his refusal to take a blood test.

At the hospital, the defendant was given an opportunity to call his attorney, but he was unable to recall his attorney's name. He initially consented to take the blood test but then refused when the nurse came into the room to draw blood. He was taken to the county jail. While at the jail, approximately one-half hour after leaving the hospital, the defendant stated that he would agree to take the test. The officer refused to take him back to the hospital.

■ We first consider defendant's contention that this court lacks jurisdiction because the state failed to make timely appeal under SDCL 15–26–2. Defendant alleges that the judgment of the trial court from which the state appeals was signed, *attested* and *filed* on August 19, 1976, and that notice of entry of judgment was served on the Attorney General on that same date. Accordingly, it is claimed that the notice of appeal filed on November 12, 1976, fails to meet the statutory time period of 60 days for serving notice on the adverse party.

This allegation would be correct if the judgment had been attested and filed on August 19, 1976, but the record reveals that the judgment was not filed until September 1, 1976. Accordingly, the notice of entry of judgment served on the state was incorrect and premature as there was no judgment filed upon which to give notice as of August 19, 1976. Due to the fact that there has been no notice of entry of the judgment filed on September 1, 1976, the statutory time has not begun to run under SDCL 15–26–2. The state has appealed, however, and we will consider the appeal on the merits.

■ The next issue to be decided is whether the defendant had a right to rescind his refusal and take the blood test. This issue was fully considered and resolved against the defendant in *Peterson v. State*, 1977, S.D., 261 N.W.2d 405. For the reasons set out in *Peterson*, we hold that the defendant's conduct constituted a refusal and that he had no right to rescind that refusal at a later time.

Finally, the defendant claims and the trial court found that he was so intoxicated that he did not understand his rights, and that this provides an excuse for his refusal to take the test. This court dealt with a similar situation in *Chmelka v. Smith*, 1964, 81 S.D. 40, 43, 130 N.W.2d 423, 425, where the driver (according to the arresting officer) was very intoxicated. He contended in his driving permit hearing that "he had no recollection of his refusal to submit to a chemical analysis of his blood or that anything was said to him concerning the consequences of his failure to comply." There we held that it was sufficient that the officer followed the directions of the statute and there was no burden on the state to show that the driver understood what was read to him. *Beare v. Smith*, 1966, 82 S.D. 20, 140 N.W.2d 603.

■ While there is admittedly a split of authority on this issue, the large majority of courts holds that intoxication is not a proper defense to revocation of one's driver's license for refusal to take a chemical test.* To allow such a defense would result in the absurd result of the prosecution being deprived of valuable evidence against extremely intoxicated drivers that could be used against moderately intoxicated drivers.

The case is remanded to the trial court so that judgment may be entered affirming the order of revocation of the Department of Public Safety.

All the Justices concur.

---

* *Bush v. Bright*, 1968, 264 Cal.App.2d 788, 71 Cal.Rptr. 123; *State, Department of Highways v. Normandin*, 1969, 284 Minn. 24, 169 N.W.2d 222; *Garcia v. Department of Motor Vehicles*, 1969, 253 Or. 505, 456 P.2d 85; *Perryman v. State of Florida*, 1971, Fla.App., 242 So.2d 762; *Kaufman v. State, Department of Public Safety*, 1973, La.App., 286 So.2d 723; *Hering v. State, Department of Motor Vehicles*, 1975, 13 Wash.App. 190, 534 P.2d 143.