McHENRY, Appellant, v. LINTECUM et al, Respondents.

(173 N. W. 835.)

(File No. 4544.  Opinion filed August 15, 1919.)

1.  **Appeals—New Trial—Conclusions of Law, Error re, Involving Only Sufficiency of Findings**

    Assigning error in conclusions of trial court only raises question of sufficiency of findings to support conclusions; and appellant may not under such assignment question sufficiency of evidence to support findings.

2.  **Appeals—Non-record re Sufficiency of Evidence, Effect re Assignment of Unwarranted Conclusions—Non-showing of All Material Evidence, Effect.**

    Where printed record fails to show that question of sufficiency of evidence was presented to trial court upon settled record containing specifications supporting assignment of error in court's conclusions, and no showing that printed record contains all material evidence, there is no record before Supreme Court upon which sufficiency of evidence can be considered on appeal (Laws 1913 Ch. 178, Sec. 3; Sec. 2546 Rev. Code 1919; Laws 1913 Ch. 172, Sec. 1, Sec. 3149 Rev. Code 1919; Rules 6, 4, of 1913 Rules Sup. Ct.)

Appeal from Circuit Court, Tripp County.  HON. WILLIAM WILLIAMSON, Judge.

Action by Ella McHenry, against A. W. Lintecum and others.  From a judgment for defendants, and from an order denying a new trial, plaintiff appeals.  Affirmed.

*R. R. Hazen,* for Appellant.

*N. D. Burch,* for Respondents.

WHITING, J. [1, 2] Appeal from a judgment and from an order denying a new trial. Appellant questions the sufficiency of the evidence to support the court's findings, and the correctness of the trial court's conclusions. Any claim of error in the court's denial of a new trial must be predicated upon one or the other of the above grounds. Assigning error in the conclusions of the trial court only raises the question of the sufficiency of the findings to support such conclusions. Appellant has not attempted to point out wherein the findings do not support the conclusions. The only matters discussed by appellant in her brief relate to the sufficiency of evidence to support findings. There is nothing in the printed record to show that the question of the sufficiency of the evidence was ever presented to the trial court upon a settled record containing specifications corresponding to, and that would support, the specifications set forth in the assignment of error in this court. Neither does it appear from such printed record before us, appellant's brief, that such record contains a statement of all the material evidence. There is therefore no record upon which we can consider the claimed insufficiency of evidence. Section 3, c. 178, Laws 1913 (section 2546, Rev. Code 1919); section 1, c. 172, Laws 1913 (section 3149, Rev. Code 1919); Rule 6 of 1913 Rules Sup. Ct. (140 N. W. viii); Rule 4 of 1919 Rules Sup. Ct. (170 N. W. vii); Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Smith v. Pence, 33 S. D. 516, 146 N. W. 709.

The judgment and order appealed from are affirmed.