CHMELKA, Appellant v. SMITH, Respondent

(130 N.W.2d 423)

(File No. 10093.  Opinion filed September 25, 1964)

Rehearing denied January 28, 1965

**Mundt & Weisensee,** Sioux Falls, for plaintiff and appellant.

**Frank L. Farrar,** Atty. Gen., **Alfred E. Dirks,** Asst. Atty. Gen., Pierre, for defendant and respondent.

ROBERTS, J.  On April 19, 1963, Donald Joseph Chmelka filed a petition in the Circuit Court of Minnehaha County alleging that the Department of Motor Vehicles had revoked his permit to operate a motor vehicle for a period of one year for the alleged refusal of the petitioner to submit to a chemical test and requesting that he be granted a trial de novo to determine whether his permit was subject to suspension or revocation. The court set the matter for hearing and the Commissioner of Motor Vehicles was notified accordingly. A stay of the order of revocation pending determination was upon application of the petitioner granted. On May 24, 1963, after a hearing de novo, findings and judgment were rendered against the petitioner affirming the order of the Commissioner. Petitioner has appealed to this court.

Petitioner's permit to operate a motor vehicle was revoked by virtue of authority vested in the Commissioner of Motor Vehicles by the provisions of SDC 1960 Supp. 44.0302-2, commonly referred to as the "Implied Consent Law". This statute declares in effect that the operation of a motor vehicle shall be deemed to constitute consent by the operator to the taking of a chemical analysis of his blood as therein provided when requested by a police officer having reasonable grounds to suspect him of driving while intoxicated. The provisions of this statute here pertinent read as follows:

"**Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the applicable provisions of this section in the event of such refusal with respect to the revocation of such person's driving permit. If such person, after request and explanation as hereinbefore provided, shall refuse to submit to such chemical analysis, then such test shall not be given. In such event, the Commissioner of Motor**

**Vehicles shall revoke for one year his permit to drive and any nonresident operating privilege.** Any person whose license has been cancelled, suspended, or revoked by the Commissioner under the provisions of this section shall have the right to file a petition within thirty days thereafter for a hearing in the matter in Circuit Court in the county wherein such person was charged with the violation, and such Court is hereby vested with jurisdiction and it shall be its duty to set the matter for trial de novo upon ten days written notice to the Department, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of this section." (Emphasis supplied.)

Appellant contends that he was not sufficiently advised of the consequences or effect of a refusal to comply with the statute to justify a revocation of his driver's permit.

■■ A hearing in circuit court is available to a person whose driver's permit has been revoked for refusing to submit to a sobriety test and the statute requires the court to hear the matter de novo and not merely review the action of the Commissioner. Hanlon v. Commissioner of Motor Vehicles, 80 S.D. 316, 123 N.W. 2d 136. The legislature has determined as to when and under what circumstances a permit shall be suspended or revoked. When the conditions imposed by the statute appear, the duty of the Commissioner to revoke a driver's permit for one year is purely ministerial and mandatory. The exercise of such authority by the Commissioner is without a prior hearing, but as indicated a subsequent judicial hearing is afforded.

■■ The operation of a motor vehicle upon the public highways is not a natural or unrestricted right. It has been variously denominated as a privilege, a privilege in the nature of a right, an important right under our present mode of living, and as a vested right. Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055; in re Wright, 228 N.C. 584, 46 S.E.2d 696; Thompson v. Thompson, N.D., 78 N.W.2d

395; Application of Goodwin, 173 Misc. 169, 17 N.Y.S.2d 426. In any event, a permit or license to operate a motor vehicle, once issued, is of substantial value to its holder and more especially to persons who depend for their livelihood upon the operation of a motor vehicle. Even if the driving of a motor vehicle upon the public highways be termed a mere privilege, a driver's permit or license may be suspended or revoked only in the manner and on grounds provided by law. 60 C.J.S. Motor Vehicles § 160; annotation, 88 A.L.R.2d 1064.

■ At the hearing, a sworn statement on a form indicating that it is a report designed to be made to the Commissioner of Motor Vehicles was received in evidence. It reports the name and the official designation of the arresting officer and the name and address of the person arrested together with the number of his driver's permit. It was sufficiently identified by the affiant police officer as a report of the arrest of petitioner by him and the refusal of the petitioner to submit to a chemical analysis of his blood after he was fully advised of the consequences of his failure to comply. The report of the police officer under oath was sufficient to sustain the administrative suspension or revocation, but since it was for the court in the de novo hearing to determine judicially from evidence whether petitioner's permit or license was subject to suspension or revocation, there is no contention that the burden upon the state to establish a prima facie case was satisfied by introduction of the sworn statement.

■ Appellant testified that he had no recollection of his refusal to submit to a chemical analysis of his blood or that anything was said to him concerning the consequences of his failure to comply. The statutes in most jurisdictions providing for a sobriety test as revealed by reported cases do not require the arresting officer to go further than request a licensee to submit to a test. In Prucha v. Department of Motor Vehicles, supra, it was held that the statute there considered did not require the arresting officer to inform a driver of the consequences of a refusal to submit to a test and that there was no infringement of rights since all persons are presumed to know the law and the legal effect of their acts. See also Anderson v. MacDuff, 208 Misc. 271, 143 N.Y.S.2d 257; Timm v. State, N. D., 110 N.W.2d

359. Since our statute requires it, an arresting officer is obligated to inform a driver of the consequences in the event of his refusal to submit to a test. The arresting officer testified that he read to petitioner the contents of a document entitled "Implied Consent Explanation" and identified in the record as Exhibit 2. It is a printed statement explaining the applicable provisions of the statute and the consequences of a failure to comply. The officer further testified that petitioner was in his opinion intoxicated and that in reply to a request to take a test petitioner said: "I've had enough to be intoxicated;  *  *  *  you know it and I know it, too." The record here indicates that the arresting officer followed the directions of the statute and that the determination of the trial court on the basis of the evidence should be sustained.

Judgment dismissing petition affirmed.

All the Judges concur.