In the Matter of JOSEPH C. SOWA, Petitioner, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.

AULISI, J. Proceeding under article 78 (CPLR) to review the determination of the Commissioner of Motor Vehicles revoking petitioner's driver's license for refusal to submit to a chemical test to determine the alcoholic content of his blood. The petitioner, Joseph C. Sowa, was arrested on October 16, 1963, by a New York State Trooper and charged with driving while intoxicated. The trooper testified that he noticed a car pull on to Route 427 a two-lane, north-south highway in the Town of Southport, County of Chemung and proceed north at about 2:30 A.M. He testified he observed the car cross the middle line in the road several times and after signalling the driver over, the car crossed the right-hand shoulder and came to stop on a lawn. The driver, petitioner herein, was generally unresponsive to the trooper's questions, swayed when he walked and the trooper noticed a smell of alcohol on petitioner's breath, whereupon petitioner was placed under arrest. Petitioner agreed to take a chemical test and was taken to the City of Elmira police station for a breatholizer test. Petitioner requested the opportunity to call his attorney

which was allowed. After speaking with his attorney he stated he was advised to take a blood test instead. He was then taken to a hospital for the blood test where petitioner requested that his own physician take the test. However, petitioner refused to divulge his doctor's name and refused to submit to the blood test. The trooper did not permit him to call his attorney again and when petitioner became abusive he was handcuffed. Approximately an hour and a half had passed since the arrest and as the petitioner was taken from the hospital to be arraigned he again agreed to submit to the blood test. The trooper told him he had had sufficient time to take the test but had refused. Petitioner's version of the occurrence varies with that of the trooper, primarily in that he was not allowed to call his own doctor. Petitioner contends that the officer had no reasonable grounds for the arrest, that the license was revoked for failing to submit to the breatholizer test although he agreed to a blood test and that his refusal to submit to the blood test was permissible because his doctor was not present. We believe that these contentions are without merit. The petitioner's erratic method of operating his car, his swaying walk and the smell of alcohol are certainly reasonable grounds upon which to believe petitioner was driving while intoxicated (*Matter of Taylor v. Kelly*, 5 A D 2d 931). It is apparent that the revocation was not based upon petitioner's failure to take the breatholizer test as both parties initially agreed to a blood test instead. Petitioner subsequently refused to take the blood test. While a person may have a chemical test administered by his own doctor in addition to the test administered at the direction of the police officer (Vehicle and Traffic Law, § 1194, subd. 4), there is no requirement that the arrested person's own physician be present (see *Matter of Finocchairo v. Kelly*, 11 N Y 2d 58, cert. den. 370 U. S. 912). Petitioner's agreement to submit to a test was conditioned upon the appearance of his own physician, but he refused to identify him so that he could be summoned. The arresting officer allowed petitioner to consult his attorney, he consented to a blood test and he was willing to call petitioner's personal physician. Upon the evidence in this case the trooper was justified in believing that petitioner would not submit to the test. Petitioner's vacillation should not be a means of frustrating the clear intent of the statute. Determination confirmed, without costs. Gibson, P. J., Reynolds, Taylor and Hamm, JJ., concur.