BEARE, Respondent v. SMITH, Appellant

(140 N.W.2d 603)

(File No. 10242. Opinion filed February 25, 1966)

Frank L. Farrar, Atty. Gen., **Alfred E. Dirks, Fred A. Winans,** Asst. Attys. Gen., Pierre, for defendant and appellant.

**Robert L. Jones,** Sioux Falls, for plaintiff and respondent.

HOMEYER, Judge.

This appeal involves another facet of our implied consent law.[1] SDC 1960 Supp. 44.0302-2. The Commissioner of Motor

---

1. "Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood, as provided in SDC 1960 Supp. 44.0302-1, provided that such test is administered at the direction of a police officer having reasonable grounds to believe such person to have been driving under the influence of alcoholic liquor and that such person has been charged with a traffic violation. Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the applicable provisions of this section in the event of such refusal with respect to the revocation of such person's driving permit. If such person, after request and explanation as hereinbefore provided, shall refuse to submit to such chemical analysis, then such test shall not be given. In such event, the Commissioner of Motor Vehicles shall revoke for one year his permit to drive and any nonresident operating privilege. Any person whose license has been cancelled, suspended, or revoked by the Commissioner under the provisions of this section shall have the right to file a petition within thirty days thereafter for a hearing in the matter in Circuit Court in the county wherein such person was charged with the violation, and such Court is hereby vested with jurisdiction and it shall be its duty to set the matter for trial de novo upon ten days written notice to the Department, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner's license is subject to cancellation, suspension, or revocation under the provisions of this section.

"Upon the request of the person who was tested, the results of such analysis shall be made available to him.

"Only a physician, laboratory technician, or medical technician or medical technologist acting at the request of a law enforcement officer can withdraw blood for the purpose of determining the alcoholic content therein. This limitation shall not apply to the taking of a urine, breath or other bodily substance specimen.

"The person tested shall be permitted to have a physician, laboratory technician, or medical technician or medical technologist of his own choosing administer the chemical analysis in addition to the one administered at the direction of the law enforcement officer.

"If any operator of a motor vehicle in this state who has been requested to submit to such chemical test fails to invoke the above provision which permits him to refuse to submit to such test; then the failure to invoke such provision permitting a refusal to submit to such test shall constitute consent and authority for any authorized physician, laboratory technician, or medical technician or medical technologist to administer such test notwithstanding the age of the operator or such motor vehicle. Said duly authorized physician, laboratory technician or medical technician or medical technologist shall in no way be liable or held to pay damages to the party to whom such chemical test is administered, provided that such test is administered with usual and ordinary care, and provided that such test is administered at the request of a law enforcement officer."

Vehicles revoked the driver's license of Warren George Beare for refusing to submit to a blood test. Beare petitioned the circuit court for a de novo hearing on the matter, and after hearing, the court determined Beare's license was not subject to revocation and vacated the Order of Revocation. The Commissioner appeals.

Beare was slightly injured in an automobile accident in Sioux Falls on December 29, 1964, and was taken by ambulance to McKennan hospital where he received out-patient emergency treatment. At the hospital he was arrested for the offense of operating a motor vehicle while under the influence of liquor or drugs. The arresting officer read to him a printed form entitled "Advice to Person Arrested Given Pursuant to SDC 1960 Supplement Section 44.0302-2 Entitled Implied Consent to Blood Test by Motor Vehicle Operators".[2] This document contained substantially all of the provisions of the statute and informed Beare of the consequences on refusal to submit to the test.

After the form was read, the evidence in substance shows Beare first said he would submit to a blood test; that a hospital technician was then called; when she arrived he refused to submit to the test and said he wanted his own doctor, Dr. Brzica, to take the test. Beare's cross - examination was concluded in the following manner:

"Q. Did you say you wouldn't take the one that they were prepared to give you? A. I understood I just had to take a test and I had a right for my doctor to take it.

---

2. "I am (A. Fields, Sgt.) a police officer. You are under arrest for the offense of (D.W. under the Influence of Liquor or Drugs) a traffic violation.

"As the arresting officer and having reasonable grounds to believe that you have been driving under the influence of alcoholic liquor, I request that you, as the driver of the automobile, take a chemical test and analysis of your (blood) to determine the amount of alcohol in your blood. (Parts in parentheses inserted by arresting officer)

"You are advised that you have the right to refuse to submit to this test and analysis, and, if you do refuse, the test will not be given but if you do refuse the Commissioner of Motor Vehicles of this State shall revoke for one year your license and permit to drive and also revoke any non-resident operating privilege.

"If the Commissioner of Motor Vehicles does cancel, suspend, or revoke your license or permit, you have the right to file a petition within thirty (30) days thereafter for a hearing in the matter in Circuit Court in this County and such Court will determine whether your license or permit is subject to cancellation, suspension, or revocation. If you consent to this test or analysis, it will be given you at my direction. You have the right and will be permitted to have a physician, laboratory technician, or medical technologist of your own choosing administer and make chemical analysis in addition to the one made and administered at my direction.

"If you do not refuse to submit to the test or analysis, your failure to refuse will constitute consent and authority for any authorized physician, laboratory technician, or medical technologist to administer and give such test."

"Q.   You refused to take the one that they offered to give you?   A. I would say I did."

The trial court found:

4.   "At such time the plaintiff did consent to a blood test, but that thereafter made a statement to the effect that he wanted his own doctor to take the blood test."

5.   "Plaintiff did not fully understand that he could have a blood test administered by his own doctor in addition to the one administered at the direction of the police officers, and therefore, refused to take the test offered by the police officers."

and concluded, as a matter of law:

2.   "The evidence presented does not establish by a preponderance of the evidence that the plaintiff did refuse to take a blood test, and further does not indicate that the plaintiff was given an opportunity to within a reasonable time have his own doctor or other person of his own choosing administer a test."

3.   "Under the provisions of SDC 1960 Supp. 44.0302-2, the plaintiff's license is not subject to cancellation, suspension or revocation."

■   By two assignments of error, the Commissioner challenges the conclusions of law made by the trial court under the facts as above found. Error may be so assigned, and it raises the sufficiency of the findings to support the conclusions, although it does not raise the sufficiency of the evidence to support the findings. McHenry v. Lintecum, 42 S.D. 228, 173 N.W. 835; Garrey v. Schnider, 78 S.D. 596, 105 N.W.2d 860.

■ ■   The right to operate a motor vehicle upon a public street or highway is not a natural or unrestricted right but a privilege which is subject to reasonable regulation under the police

power of the state in the interest of public safety and welfare. Chmelka v. Smith, 81 S.D. 40, 130 N.W.2d 423. The proceeding to determine or review the propriety of the cancellation, suspension, or revocation of a driver's license is separate and distinct from a criminal trial on a charge of driving while under the influence of intoxicating liquor or drugs, and the efficacy of the revocation by the Commissioner does not hinge on whether there is a conviction or acquittal on a criminal charge related to the test. Prucha v. Department of Motor Vehicles, 172 Neb. 415, 110 N.W.2d 75, 88 A.L.R.2d 1055. In Chmelka in a proceeding by the Commissioner we said: "Since our statute requires it, an arresting officer is obligated to inform a driver of the consequences in the event of his refusal to submit to a test." Contrariwise, in State v. Batterman, 79 S.D. 191, 110 N.W.2d 139, the results of a blood test were held admissible in a criminal prosecution, although the officer did not explain the penalty attached to a refusal to · submit.

██  Implied consent statutes, such as we have, are designed to combat the increasing menace and danger caused by drunken drivers using the public highways and their elimination or control presents a most perplexing problem to law enforcement officers and to the courts. The legislative purpose behind such statutes is clear. The right to drive being a privilege granted by the state it has, for the protection of the public, imposed conditions on that privilege; one being that a person consent to a chemical analysis under the conditions specified in the statutes. Once the conditions of the statute are met, refusal to submit to the test results in mandatory loss of license. Chmelka v. Smith, supra; 7 Am.Jur., 2d, Automobiles and Highway Traffic, § 259.

██  In our opinion petitioner's license was properly revoked. He was asked to take a blood test to determine the amount of alcohol in his blood under the provisions and conditions of the statute and was advised of the effect of a refusal with respect to revocation of his driver's permit. He had a choice of taking a chance that an unfavorable test result might aid in his conviction or by refusing, lose his license for a period of one year under the statute. He refused the test directed to be taken by the officer, and in effect imposed the condition that it be performed

by his own doctor. The statute does not allow him this right; neither does it permit a qualified refusal. See Stensland v. Smith, 79 S.D. 651, 116 N.W.2d 653. By refusing the test directed by the officer he loses his license. This may appear severe and in some cases cause hardship, but we believe the legislature deemed it necessary for the protection of the public. The threat to person and property from drunken drivers using the public highways is not an area for timid or tolerant application of traffic laws.

■ The statute permitted Beare to have a doctor of his own choosing administer an **additional** test, but this opportunity or privilege does not relieve him from submitting to the test requested by the police officer. Even if he may not have fully or correctly understood the statutory provision therefor, or its purpose, this would not serve as a reason in law for refusing the test at the direction of the police officer.

The State of New York has an implied consent statute in many respects similar to our statute including a provision for an additional test. In a proceeding to revoke a driver's license because of a refusal to submit to a chemical blood test where the evidence showed that the petitioner insisted that his personal physician be permitted to conduct the test prescribed by the act, and not merely the **additional** test permitted by subdivision 4,[3] the court said: "Such a condition cannot properly be imposed by a driver; and his refusal to submit to the test unless the police gave their acquiescence to that condition, is a refusal to submit to the test within the meaning of the statute." Breslin v. Hults, 20 A.D.2d 790, 248 N.Y.S.2d 70. See also Sowa v. Hults, 22 A.D.2d 730, 253 N.Y.S.2d 294. We draw the same conclusion in this case.

The judgment appealed from is reversed and the cause is remanded with directions to reinstate the Order of the Commissioner of Motor Vehicles revoking petitioner's driver's license.

All the Judges concur.

---

3. 62A Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71, § 1194(4). The person tested shall be permitted to have a physician of his own choosing administer a chemical test in addition to the one administered at the direction of the police officer.