250 N.W.2d 280 (1977)
In the Matter of the Revocation of the Driver's License of James Neon CAMPBELL.
No. 11777.
Supreme Court of South Dakota.
Argued September 9, 1976.
Reassigned January 6, 1977.
Decided February 10, 1977.
*281 Judith A. Atkinson, Asst. Atty. Gen., Pierre, for respondent State of South Dakota; William J. Janklow, Atty. Gen., Pierre, on the brief.
Gary E. Davis, of Johnson, Johnson & Eklund, Gregory, for petitioner and appellant James Neon Campbell.
DUNN, Chief Justice (on reassignment).
This is an appeal from an order revoking the driving license of James Neon Campbell after a trial de novo in the Circuit Court of the Ninth (now Third) Judicial Circuit pursuant to SDCL 32-23-12. On appeal, petitioner contends that the trial court erred in finding (1) that there was probable cause to arrest, (2) that the arrest was valid where petitioner was not given his Miranda rights, (3) that there was a refusal to take a blood test when the petitioner stated he would take the test if administered by his personal physician, (4) that the petitioner was given due process before the state hearing examiner, and (5) that the petitioner was properly advised of his rights under the implied consent laws. We affirm.
The petitioner was originally stopped by the officers to warn him of excessive speed. After an exchange of remarks with the officers, it was suspected that he had been drinking. A field sobriety test was then administered, and it was determined that petitioner's speech was slurred, that he was unsteady on his feet, and that he smelled of alcoholic beverages. At this point, the officers arrested petitioner for a driving offense committed in their presence. There was ample probable cause for the arrest.
The giving of Miranda rights would be immaterial in this civil case for the revocation of a driving license. In any event, there is no indication that the petitioner gave any incriminating statements which could be used against him even in a criminal trial.
Petitioner's right to call a personal physician was fully explained by this court in Beare v. Smith, 1966, 82 S.D. 20, 140 N.W.2d 603. This gives no right of refusal to the taking of a test from the doctor or *282 technician supplied by the officers in the first instance.
Petitioner complains that he was not afforded due process by the hearing examiner. The hearing before the examiner is limited in scope. If the examiner finds (1) that there was probable cause for the arrest, (2) that the petitioner was properly advised of the consequences of his failure to take the blood test, and (3) that the petitioner refused the test, his conclusion must be that the license be revoked. The word "shall" is mandatory after a finding of the above facts. In any event, the petitioner here was also afforded a full hearing in a trial de novo before the circuit court. He has no cause for a complaint of lack of due process.
Further, the petitioner was fully advised of his rights under the implied consent law. In fact, the officers advised him of these rights on several occasions. As the trial judge pointed out in his memorandum decision:
"However, it is difficult to see how the officers could have done more to make him understand. If he didn't understand, then about all that can be said is that he was incapable, under the circumstances, of understanding."
In Beare v. Smith, supra, this court made it clear that a petitioner does not have to fully or correctly understand the implied consent rights when read to him. Otherwise, we would have the absurd result of a petitioner claiming that his extreme intoxication forever barred the officers from obtaining a blood test.
Affirmed.
WOLLMAN, ZASTROW and MORGAN, JJ., concur.
PORTER, J., concurs specially.
PORTER, Justice (concurring specially).
Petitioner testified he understood that he could lawfully refuse the blood test unless it was given in the presence of his own physician. He offered nothing to explain how he gained such an understanding of his rights, under the implied consent law, from the reading of those rights to him by the arresting officer. Under the circumstances his misunderstanding, even if honestly entertained, is no defense. Beare v. Smith, 1966, 82 S.D. 20, 140 N.W.2d 603. I do not understand Beare as holding that a misunderstanding, or lack of understanding, regardless of the circumstances, could not constitute a defense to a license revocation.
I concur fully in the opinion of the court except as to contention (3) of petitioner, supra, and in that I concur on the ground stated.