**DEPARTMENT OF PUBLIC SAFETY,
State of South Dakota, Plaintiff
and Appellant,**

v.

**Karl A. STORJOHANN, Defendant
and Respondent.**

No. 12190.

Supreme Court of South Dakota.

Argued Jan. 9, 1978.
Decided Feb. 1, 1978.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and appellant; William J. Janklow, Atty. Gen., Pierre, on the brief.

Bruce A. Hubbard of Morrill, Hansen & Hubbard, Sturgis, for defendant and respondent.

PORTER, Justice.

### CASE SUMMARY

This is an appeal by the State from the judgment of the circuit court reversing the decision of the hearing examiner for the South Dakota Department of Public Safety revoking defendant Storjohann's South Dakota driver's license for a period of one year. We reverse the judgment of the circuit court and affirm the decision of the hearing examiner revoking defendant's driver's license for refusal to take a chemical test pursuant to the South Dakota Implied Consent Law.

### FACTS

At 7:14 p.m. on September 6, 1976, officer Edward Nyberg of the Sturgis Police Department stopped defendant, who was driving erratically, and requested that he perform various field sobriety tests. Defendant's condition while performing the tests was unstable and at 7:38 p.m. officer Nyberg placed him under arrest for driving while intoxicated, read him the implied consent warning, and requested that the defendant submit to a chemical test of his breath. Defendant stated that he understood his rights, but refused to take the test. Officer Nyberg then asked an additional officer to join them. Officer Nyberg again read the implied consent warning, and defendant again refused the test. Defendant was placed in the patrol car and taken to the sheriff's office.

At 7:50 p.m. they arrived at the sheriff's office. Defendant was given his Miranda warning. Officer Nyberg again requested a breathalyzer test and read the implied consent warning to him, but defendant interrupted him and told him he was not going to take the test until he could talk to the sheriff.

At 8:14 p.m. officer Nyberg went to the Sturgis Police Department to write a report. A short time after he returned to the department, the jailer called and said that defendant would like to take the test, but officer Nyberg refused. Defendant then was able to locate another officer to administer the test. The test was given at 9:30 p.m., almost two hours after the arrest, and gave a reading of 0.16 per cent of alcohol. The test was not given by the arresting officer or at his direction.

On September 7, 1976, officer Nyberg submitted to the South Dakota Department of Public Safety an affidavit stating that the defendant refused to submit to a chemical test for alcohol. On November 23, 1976, an administrative hearing for license revocation was held by a hearing officer from the Department of Public Safety. On November 30, 1976, the hearing officer ordered that defendant's driver's license be revoked. Defendant appealed the decision to the circuit court, which reversed the decision of the hearing officer and ordered that the revocation action be dismissed. The State appeals from the judgment of the circuit court.

## DECISION

The State contends that the circuit court erred in holding that there was not substantial evidence to support the finding of the Department of Public Safety that the defendant refused the implied consent test, and in holding that defendant had a right to change his mind about taking the requested test after three refusals. The issues of refusal and right to recant a refusal were resolved in our recent case, *Peterson v. State*, 261 N.W.2d 405, opinion filed December 30, 1977. It is unnecessary for us to reiterate here the reasons for our deci-

sion in *Peterson*. We conclude, therefore, based upon *Peterson*, that defendant did refuse the test requested by officer Nyberg, the arresting officer, and his later consent did not cure his prior refusal to submit to the chemical test.

The only issue that remains for our consideration is: If an officer other than the arresting officer, and not at the direction of the arresting officer, administers a chemical test to a driver who initially refused and subsequently consented to take the test, has the test been refused under the South Dakota Implied Consent Law?

SDCL 32–23–10 provides:

Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood, as provided in § 32–23–7, *provided that such test is administered at the direction of a law enforcement officer having lawfully arrested such person for a violation of § 32–23–1.*

Such person shall be requested by *said officer* to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the provisions of §§ 32–23–11 and 32–23–12 in the event of such refusal with respect to the revocation of such person's driving license. (Emphasis added)

In the present case defendant refused the test requested by the arresting officer. *See Peterson, supra.* SDCL 32–23–11 provides, in part:

If any person described in § 32–23–10, after request and explanation as therein provided, shall refuse to submit to such chemical analysis, *then such test shall not be given.* In such event . . . the department . . . may revoke for one year his license to drive . . . . (Emphasis added)

The violation of the Implied Consent Law was complete when defendant refused to take the test. His violation of the law is

not cured by his subsequent consent to take the test. The test was not administered by the arresting officer or at his direction, as SDCL 32–23–10 requires. "[T]he decision of the arresting officer whether to request a test, and the suspect's response thereto, should not be delayed." *Zidell v. Bright*, 264 Cal.App.2d 867, 870, 71 Cal.Rptr. 111, 113 (1968). By allowing a driver to refuse and subsequently request an officer other than the arresting officer to administer a test, we would not only be construing SDCL 32–23–10 contrary to its clear meaning, but also encouraging intoxicated drivers to delay the State's acquisition of the chemical test. As we discussed in *Peterson, supra*, such a holding would be contrary to the policy of the statute to prevent delay. We conclude, therefore, that defendant's subsequent consent to submit to the chemical test did not cure his prior refusal; his conduct constituted a refusal of the chemical test under the South Dakota Implied Consent Law.

 Defendant contends that the State waived its right to challenge the sufficiency of the evidence by failing to propose or request any findings of fact or conclusions of law to the trial court. In *Moody County v. Cable*, 82 S.D. 537, 540–41, 150 N.W.2d 193, 194–95 (1967), when faced with the same argument, this court stated:

> SDC 33.1405 [now SDCL 15–6–52(a)] merely grants an exception to rulings of the court, but does require request for a finding on an issue of fact as foundation for an assignment of insufficiency of the evidence as to it. The court has uniformly so held. [Citations omitted] Plaintiff is therefore limited to the question of whether the findings support the conclusions of law and judgment.

In this case the State contends that the circuit court erred in concluding that there was not substantial evidence to support the agency's finding that the implied consent test was refused. We agree with this contention and conclude that the findings of

the circuit court do not support its conclusion, and pursuant to *Moody County, supra*, the State did not waive its right to question whether the findings supported the conclusions of law.

## CONCLUSION

Accordingly, the judgment of the circuit court is reversed, and the cause is remanded to the circuit court so that judgment may be entered affirming the order of revocation of November 30, 1976, in the revocation proceeding before the South Dakota Department of Public Safety.

DUNN, C. J., and WOLLMAN, J., concur.

ZASTROW, J., concurs specially.

MORGAN, J., dissents.

ZASTROW, Justice (concurring specially).

I concur in the majority opinion for the same reasons stated in my special concurrence in *Peterson v. State*, 1977, S.D., 261 N.W.2d 405 (opinion filed December 30, 1977).

MORGAN, Justice (dissenting).

I dissent. While I adhere to the authority of Peterson, Kotas, and the other recent cases arising from Peterson, I believe this case can be distinguished because the state got the test, it was administered by an officer, and they apparently accepted and used it.

We have held that the purpose of the implied consent law is to get evidence to get the drunk drivers off the roads.[1] While we have held in Peterson and subsequent cases that an officer can request the test as often as he desires without limitation, the last refusal is *it*, and defendant cannot thereafter require that the test be given. Without disturbing that holding, I would further hold that where the defendant is still in custody, and volunteers to take the test and *where the state, acting through its*

---

1. *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966); *State v. Peterson*, S.D., 261 N.W.2d 405. Opinion Filed December 30, 1977.

*law enforcement officials, agrees to give the test, and does*, that the state has thereby waived the refusal or is estopped from asserting it. This would clearly distinguish a case of a defendant bonding out and getting his own test, and I would also disavow any requirement that an officer comply with such late request. However, when he does so in the interests of obtaining the evidence that the state wants, that should constitute a waiver or grounds for estoppel.

I am not hung up on the phrase "at the direction of the arresting officer." The majority of this court has recently held[2] that where a municipal police officer makes an arrest outside the limits of his jurisdiction, he does so only as a private citizen, but nevertheless when he puts on his other hat as a law enforcement officer he is capable of requesting the test.

2. *State v. MacDonald*, S.D., 260 N.W.2d 626, Opinion Filed December 30, 1977.