**Richard WERNER, Petitioner and Respondent,**

v.

**DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. 12672.

Supreme Court of South Dakota.

Decided Jan. 30, 1980.

Robert L. Jones, Sioux Falls, for petitioner and respondent.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

PER CURIAM.

The State appeals from a circuit court judgment reversing the decision of the Department of Public Safety to revoke Richard Werner's driver's license for one year. We reverse.

On October 22, 1977, Deputy Steven Johnson of the Moody County Sheriff's Office arrested Richard Werner for driving while intoxicated after observing Werner's erratic driving and having Werner perform field sobriety tests. Deputy Johnson radioed Deputy William Baer for assistance and drove Werner to Flandreau, where they met Deputy Baer.

Deputy Johnson asked Deputy Baer to get into the back seat of the squad car with Werner for the drive to the Flandreau Hospital. Deputy Johnson gave his implied consent card to Deputy Baer and asked that Deputy Baer read the implied consent rights to Werner. When Werner did not indicate whether he understood the rights, Deputy Baer, at Deputy Johnson's request, read them a second time. Werner subsequently refused to submit to a blood or breath test.

The circuit court held that the Department had no basis for revoking Werner's license because Deputy Baer rather than Deputy Johnson read the implied consent rights to Werner. We cannot agree with such a strict interpretation of SDCL 32–23–10.[1] The requirements of SDCL 32–23–10 were substantially complied with.[2] See, *State v. Braunesreither*, 276 N.W.2d 139 (1979). Through the assistance of his fellow officer, Deputy Johnson advised Werner of his statutory rights. To hold otherwise in this case would thwart the purpose

---

1. SDCL 32–23–10 provides:

   Any person who operates any vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, urine, breath or other bodily substance for the purpose of determining the amount of alcohol in his blood, as provided in § 32–23–7, provided that such test is administered at the direction of a law enforcement officer having lawfully arrested such person for a violation of § 32–23–1.

   Such person shall be requested by said officer to submit to such analysis and shall be advised by said officer of his right to refuse to submit to such analysis and the provisions of §§ 32–23–11 and 32–23–12 in the event of such refusal with respect to the revocation of such person's driving license.

2. Our decision does not alter the holding of *Department of Public Safety v. Storjohann*, 262 N.W.2d 64 (S.D.1978).

of SDCL 32–23–10. *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966).[3]

The judgment of the circuit court is reversed and the case is remanded to the circuit court for new trial.[4]

---

3. Werner argues that this appeal should be dismissed because a copy of the transcript was served outside of the time frame in SDCL 15–29–6. The late service of the transcript does not constitute a jurisdictional defeat, and the appeal will not be dismissed. See *City of Sturgis v. Walker*, 79 S.D. 655, 116 N.W.2d 803 (1962).

4. Werner's motion to dismiss was granted before the State completed its case and before Werner presented his case.