Jack M. SCHLENKER, Petitioner and Appellant,

v.

SOUTH DAKOTA DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 13432.

Supreme Court of South Dakota.

Considered on Briefs Oct. 27, 1981.

Decided April 21, 1982.

Drew C. Johnson of Maloney, Kolker, Fritz, Hogan & Johnson, Aberdeen, for petitioner and appellant.

Mark Smith, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

PER CURIAM.

This is an appeal from a circuit court judgment revoking appellant's nonresident driving privileges. We affirm.

At the time of appellant's arrest, the arresting officer read to appellant South Dakota's implied consent warning. SDCL 32–23–10 to 16. The officer asked appellant to submit to a chemical test of his breath. Appellant was also informed of his right to a chemical test by a person of his own choosing. Appellant answered that he would not take the breath test and that he wanted a blood test. The officer agreed to appellant's request to take the blood test and began to transport him to the hospital for the test. Enroute to the hospital, however, the officer received a message from his shift captain through the radio dispatcher that appellant was not entitled to a blood test and that it was not to be given. The arresting officer then advised appellant that he would only be able to have a blood test after a breath test, which had been

originally requested. Appellant continued to refuse to submit to the breath test and no tests were administered.

■ Appellant contends that his responses should not be construed as a refusal to consent to a lawfully requested chemical test.

Appellant argues that since the officer acquiesced in appellant's conditional consent to the test his response should not be construed as a refusal. *See Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966).* We reject, however, appellant's premise that his response was conditional. Appellant admitted that when the arresting officer asked him to submit to a chemical test of his breath he said, "No, I'll take the blood test." There was nothing conditional about this response. It was simply appellant's attempt to choose the type of test he would take. ·"The officer chooses the type of this test, not the motorist. *Stensland v. Smith*, 79 S.D. 651, 116 N.W.2d 653." *State v. Birney*, 85 S.D. 1, 2, 176 N.W.2d 475, 476 (1970).

Appellant secondly argues that he did not refuse a lawfully requested test, because a breath test was not requested by the arresting officer but was actually requested by the radio dispatcher or the shift captain, neither one of whom was the arresting officer. *See* SDCL 32–23–10; *Dept. of Public Safety v. Storjohann*, 262 N.W.2d 64 (S.D.1978). It is unnecessary to speculate on the effect of the shift captain's advice through the radio dispatcher that the blood test appellant requested not be given. Appellant had already refused the test initially requested by the arresting officer. "The violation of the implied consent law was

---

* Appellant seeks support for his position in the following language from *Beare v. Smith*, 82 S.D. 20, 26, 140 N.W.2d 603, 607 (1966):

'Such a condition cannot properly be imposed by a driver; and his refusal to submit to the test *unless the police gave their acquiescence to that condition,* is a refusal to submit to the test within the meaning of the statute.' *Breslin v. Hults*, 20 A.D.2d 790, 248 N.Y.S.2d 70. See also *Sowa v. Hults*, 22 A.D.2d 730, 253 N.Y.S.2d 294. [appellant's emphasis]

Appellant's position is that the officer acquiesced in his conditional consent. More recently, however, we stated, "In Beare, supra, we held that our law will not permit a qualified or conditional refusal, which is to say it will not permit a qualified or conditional *assent* to take the test requested by the arresting officer." (emphasis supplied) *Peterson v. State*, 261 N.W.2d 405, 410 (S.D.1977).

complete when [appellant] refused to take the [first] test." *Dept. of Public Safety v. Storjohann*, 262 N.W.2d at 65. This refusal authorized the revocation of appellant's driving privileges. SDCL 32–23–11.

■ Appellant also submitted a supplemental brief in which he raised a new issue. He contends that his constitutional rights were violated when he was required to respond to the implied consent warning before he was given a *Miranda* warning. He argues that a recent U. S. District Court decision requires that his driving privileges be reinstated. *Heles v. State of South Dakota*, 530 F.Supp. 646 (D.S.D.1982). Appellant, however, took no action to preserve this constitutional issue for appeal and it will not be considered now. See *Application of American State Bank*, 254 N.W.2d 151 (S.D.1977). *Empey v. Rapid City*, 78 S.D. 462, 103 N.W.2d 861 (1960). More importantly, the judgment of the Court in *Heles v. State*, which is clearly contrary to prior decisions of this Court, has been stayed pending appeal.

The judgment of the circuit court is affirmed.