**In the Matter of the Appeal of Brian D. BALSZ, Petitioner and Appellant,**

v.

**STATE of South Dakota, DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 14581.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1984.

Decided April 17, 1985.

---

N. Dean Nasser, Jr., Sioux Falls, for petitioner and appellant.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

HENDERSON, Justice.

## ACTION

This is an appeal from an order of the circuit court affirming an order of the South Dakota Department of Public Safety. By these proceedings, Brian D. Balsz' (appellant) driver's license was revoked pursuant to SDCL 32–23–10 for refusing to take a breath test. We affirm.

## FACTS

On July 10, 1983, Sioux Falls Police Officer, Jerry White, observed appellant driving on West 12th Street in Sioux Falls. Appellant's vehicle appeared to be speeding and was clocked by radar at 55 m.p.h. in a 35 m.p.h. zone. The officer followed appellant for three-quarters of a mile, observing nothing further out of the ordinary other than the excessive speed. The officer followed appellant into a trailer court, whereupon he proceeded to ticket him for speeding.

The officer noted that appellant smelled of intoxicants, was somewhat unsteady, and had bloodshot-watery eyes. Appellant admitted that he had been drinking a few beers but he did not stumble, fall, or need anything for support. In fact, at this time Officer White had not formed a conclusion of intoxication.

The officer then asked appellant to take some field sobriety tests. Appellant refused, stating he was not drunk and "you ain't getting me for no W II." After two more requests and refusals, the officer determined appellant was under the influence of intoxicants and arrested him for D.W.I. The officer testified:

> Well, I was going to give him the benefit of the doubt and let him try the test and if his performance on the test would have been good, I wouldn't have

arrested him. But since he didn't want to do the test he got arrested.

Appellant was read the implied consent statement and was asked to take a breath (intoxilizer) test. Appellant responded with a "no," and demanded a blood test instead, believing it to be more reliable. The officer refused to give the blood test, stating at the hearing that they are not to do so unless absolutely necessary.

It was not until appellant refused the breath test that the officer informed him of his *Miranda* rights. Appellant was taken to jail, where he continued to ask to be administered a blood test. Immediately upon being released from jail, and nearly two and one-half hours after the initial stop, appellant went to the hospital and had his blood tested. Results showed a blood alcohol content of .09.

Because of his refusal to take the breath test, appellant's driver's license was revoked, pursuant to SDCL 32–23–10, after a hearing by the Department of Public Safety. The decision was affirmed on appeal to the circuit court.

## DECISION

### I.

WAS APPELLANT DENIED DUE PROCESS OF LAW BY THE ARRESTING OFFICER'S FAILURE TO PERMIT HIM TO TALK TO COUNSEL BEFORE SUBMITTING TO A CHEMICAL ANALYSIS?

■ Appellant argues that prior to making a decision whether or not to submit to a breath test pursuant to the Implied Consent Law, he has the right to consult with an attorney. Appellant contends he was denied his constitutional rights in this respect because *Miranda* warnings were not given prior to the request for a breath test.

The circuit court found appellant's due process argument to be without merit. We agree, in light of our recent holding in *Dep't of Pub. Safety v. Gates*, 350 N.W.2d 59 (S.D.1984), that there is no constitution-

ally guaranteed right to consult an attorney prior to taking a chemical test. *See also, State v. Braunesreither*, 276 N.W.2d 139 (S.D.1979), and *Peterson v. State*, 261 N.W.2d 405 (S.D.1977).

In any event, the giving of *Miranda* warnings is immaterial in a civil case for the revocation of a driver's license. *See Matter of Campbell*, 250 N.W.2d 280 (S.D. 1977).

### II.

WAS THERE PROBABLE CAUSE TO ARREST APPELLANT FOR D.W.I.?

■ The existence of probable cause for arrest is one of the prerequisites to a valid invocation of the Implied Consent Law under SDCL 32–23–10. In *State v. Fonder*, 323 N.W.2d 131, 132–33 (S.D.1982), this Court stated:

Probable cause for arrest exists where facts and circumstances within a police officer's knowledge of which he had reasonably trustworthy information "are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been … committed." …

Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. (Citations omitted.)

Appellant contends there was no probable cause because of the officer's testimony that he arrested appellant upon his refusal to perform the field sobriety tests. However, the officer stated he did not generally need these tests to form an opinion as to whether an individual is intoxicated or not. In this case, he noticed appellant had bloodshot and watery eyes, that he smelled strongly of intoxicants, and that he was somewhat unsteady. Nevertheless, the officer also stated he was willing to give appellant the benefit of the doubt, and, had he passed the field sobriety tests, appellant

would not have been arrested. Since appellant refused, the officer arrested him.

The hearing examiner and the circuit court concluded that this testimony must be and was construed to mean that there were objective signs of intoxication sufficient to warrant an arrest which might have been overcome had appellant passed the field sobriety tests. We likewise so interpret the officer's testimony. The finding of probable cause was not clearly erroneous. *State, Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D.1984).

### III.

### WAS THE LICENSE REVOCATION UNLAWFUL BECAUSE OF THE OFFICER'S REFUSAL TO GIVE A BLOOD TEST?

■ Appellant finally contends that he did not refuse *any* chemical analysis under the Implied Consent Law, but only refused the particular type of test. He insists the officer should have given him the blood test in lieu of the breath test. The officer did inform appellant he could be administered a blood test, at his own expense, after taking the breath test. However, he refused.

In *Schlenker v. South Dakota Dep't of Pub. Safety*, 318 N.W.2d 351 (S.D.1982), another license revocation proceeding, this Court held that it is the officer who chooses the type of test to administer. *See also, Stensland v. Smith*, 79 S.D. 651, 116 N.W.2d 653 (1962). "All the starch would be taken out of the law if arrested drivers could pick and choose the type of test to be taken." *Stensland*, 79 S.D. at 654, 116 N.W.2d at 655. As this Court recognized in *In re Mehrer*, 273 N.W.2d 194 (S.D. 1979): "The proceeding to determine or review the propriety of the cancellation, suspension, or revocation of a driver's license is separate and distinct from a criminal trial on a charge of driving while under the influence of intoxicating liquor or drugs...." *Id.*, 273 N.W.2d at 196 (quoting *Beare v. Smith*, 82 S.D. 20, 25, 140 N.W.2d 603, 606 (1966)).

" 'The violation of the implied consent law was complete when [appellant] refused to take the [first] test.' This refusal authorized the revocation of appellant's driving privileges. SDCL 32–23–11." *Schlenker*, 318 N.W.2d at 352–53 (citations omitted) (brackets in original). Upon appellant's refusal to take the breath test in the present case, the revocation of his driving privileges was authorized. The circuit court's affirmance of the Department of Public Safety's revocation of appellant's driver's license is therefore affirmed in all respects.

All the Justices concur.

WUEST, Circuit Judge, Acting as Supreme Court Justice, participating.