**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David Gene FISCHER, Defendant and Appellant.**

**No. 14884.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 21, 1985.

Decided Jan. 8, 1986.

Robert Mayer, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William A. Bowen, of Rice & Bowen, Aberdeen, for defendant and appellant.

HENDERSON, Justice.

### ACTION

In this criminal appeal, we shall refer to David G. Fischer, appellant-defendant, as Fischer, and appellee State of South Dakota as State. Fischer appeals from an Order and Judgment of the circuit court which denied his motion for acquittal; found him guilty of driving under the influence of an alcoholic beverage; and affirmed a magistrate court order denying a motion to suppress. We affirm.

### FACTS

At approximately 2:06 a.m., on December 15, 1983, Aberdeen Police Officer Neil Bittner observed Fischer attempting to remove his vehicle from a snowdrift. Other vehicles had been stuck in the snow at this location and while Fischer was moving his pickup, he backed it into a car. After freeing his pickup, Fischer proceeded west on a four-lane thoroughfare. It was windy and blowing snow and there were large accumulations of snow on the road.

Officer Bittner followed Fischer and observed him zigzagging within his own lane and into the adjacent west-bound lane.

Fischer also crossed into the east-bound lane twice within a one-block distance. Officer Bittner stopped Fischer's vehicle and determined Fischer was intoxicated. Officer Bittner then arrested Fischer for driving while there is 0.10% or more by weight of alcohol in the blood. SDCL 32–23–1(1).

Fischer was then transported to the Brown County Sheriff's Department and while exiting the patrol car, Fischer bumped his head. At the Sheriff's Department, Fischer was read the implied consent warning and requested to submit to a blood test. Fischer, however, made no verbal response to the implied consent warning or the request. Fischer then stated that his head hurt and he requested medical attention.

Fischer was transported to the Emergency Room at St. Luke's Hospital in Aberdeen. There, Officer Bittner read the implied consent warning to Fischer two additional times and requested him to submit to a blood test. Fischer made no response. A nurse had Fischer sign a standard Admission Consent Form after telling him that it was for a blood alcohol test and that she would be obtaining some blood from his arm. Fischer did not state that he did not want the nurse to draw blood and he did not try to pull his arm away or hamper the drawing of blood. After the blood sample was taken, Fischer's head injury was attended to. The blood sample procedures were properly performed and chemical analysis revealed a blood alcohol count of .20% by weight.

A preliminary hearing was held in magistrate court on January 6, 1984, and Fischer was bound over for further proceedings. At this preliminary hearing, Officer Bittner testified that Fischer's silence in response to the requests to submit to blood tests was "taken as a—as an agreement that he would submit to the chemical test since there was no overt action by any refusal by him." On January 25, 1984, Fischer filed a motion to suppress the results of the chemical analysis of his blood. At the suppression hearing, Officer Bittner testified that prior to December 15, 1983, he had interpreted lack of response as a refusal. Aberdeen Police Chief Dave Sauer also testified that the general policy of his department has been to interpret a nonresponse to the implied consent as a refusal. It appears that the Aberdeen Police Department has no written policy concerning a nonresponse to the implied consent warning and that each officer is free to interpret a nonresponse as either a consent or a refusal based upon the moment-to-moment situation confronting the officer at the time. The motion to suppress was denied by the magistrate court.

A bench trial was held on September 5, 1984, based on stipulated facts and testimony from one witness. At trial, Fischer renewed his motion to suppress and the circuit court took all matters under advisement. Thereafter, and by an Order and Judgment dated January 8, 1985, the circuit court affirmed the magistrate order denying the motion to suppress, denied a motion for acquittal, and found Fischer guilty of driving under the influence of alcoholic beverages. From this Order and Judgment, Fischer now appeals presenting three issues.

## DECISION

### I.

IS SDCL 32–23–13 UNCONSTITUTIONAL?

SDCL 32–23–13 states:

> If any operator of a motor vehicle in this state who has been requested to submit to a chemical test *fails to invoke the provision in § 32–23–11* which permits him to refuse to submit to a test, then, the failure to invoke the provision permitting a refusal to submit to a test shall constitute consent and authority to administer a test notwithstanding the age of the operator of the motor vehicle. (Emphasis supplied.)

Fischer contends SDCL 32–23–13 is unconstitutionally vague because it provides no clearly defined standard for determining what constitutes a failure to invoke the provisions of SDCL 32–23–11, thereby permitting law enforcement officials to arbitrarily interpret silence or no response to a

request to submit to a chemical analysis as either a refusal or a consent to such a test.

▇▇▇ SDCL 32–23–11 sufficiently apprises people of ordinary intelligence that if they fail to invoke the statutory provision which permits suspected drunk drivers to refuse to submit to a test, they have consented and authorized the administration of such a test. SDCL 32–23–11 does not fail to provide minimal guidelines to law enforcement officers and to thereby invest them with unfettered and impermissible discretion when determining whether or not a suspect has consented or refused a requested test. Failure to invoke the statutory right to refuse to submit to a test constitutes consent and authorization to administer a test. SDCL 32–23–13. However, a request for a test other than the one requested by the officer is a refusal, *Schlenker v. South Dakota Dep't of Public Safety*, 318 N.W.2d 351 (S.D.1982); delayed decision to submit to a test is a refusal, *Peterson v. State*, 261 N.W.2d 405 (S.D.1977); delay to contact counsel is a refusal, *Blow v. Comm'r of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969); qualified or conditional assent is a refusal, *Beare v. Smith*, 82 S.D. 20, 140 N.W.2d 603 (1966); any actions which delay, qualify or condition consent constitute a refusal, *Matter of McKillop*, 273 N.W.2d 126 (S.D. 1978); and belligerent and uncooperative actions constitute a refusal, *Dep't of Public Safety v. Weinrich*, 263 N.W.2d 690 (S.D.1978). Thus, under SDCL 32–23–11 and the above cases, police officers do not possess unfettered discretion in determining whether a suspect has refused or merely failed to invoke the statutory right to refuse.

## II.

DOES SILENCE OR NO RESPONSE TO A REQUEST TO SUBMIT TO A CHEMICAL ANALYSIS, CONSTITUTE A REFUSAL UNDER SOUTH DAKOTA CASE LAW?

▇▇▇ Fischer contends that under our decisions, silence or no response constitutes a refusal under the implied consent laws. We deem this issue to be resolved by Fischer signing the admission consent form

which authorized a blood alcohol test; and also, thereafter permitting the nurse to draw blood from his arm for that purpose of which he was fully aware.

## III.

DOES SDCL 32–23–10 VIOLATE DUE PROCESS?

SDCL 32–23–10 provides:

Any person who operates any vehicle in this state is considered to have given his consent to a chemical analysis of his blood, breath or other bodily substance to determine the amount of alcohol in his blood, as provided in § 32–23–7, and to determine the presence of marijuana or any controlled drug or substance, provided that the test is administered at the direction of a law enforcement officer having lawfully arrested the person for a violation of § 32–23–1.

The person shall be requested by the officer to submit to the analysis and shall be advised by the officer that:

(1) If he refuses to submit to the chemical analysis, none may be given;

(2) If he refuses to submit to the chemical analysis, his driver's license shall be revoked for one year, unless pursuant to § 32–23–11.1 he pleads guilty to a violation of § 32–23–1 prior to a revocation order being issued; and

(3) He has the right to have a chemical analysis performed by a technician of his own choosing at his own expense, in addition to the test requested by the officer.

▇▇▇ Fischer contends this statute is unconstitutional in that it denies due process to an individual by not advising him or her as to what constitutes a refusal or consent for the purposes of that statute.

▇▇▇ Apparently, Fischer would have us hold that a law enforcement officer must explain, under SDCL 32–23–10, a legal conclusion as to what constitutes a refusal or a consent. Fischer either had the right to refuse or consent as does any driver under similar circumstances. The law enforcement officer should not be required to explain any supposed nuances as to either a

refusal or a consent. This would be an onerous and uncalled for complication contrary to the simple terms of the statute. Thus, we reject out of hand, this argument of defense counsel, on behalf of Fischer, claiming that there exists a due process violation triggering the unconstitutionality of SDCL 32–23–10. We see no constitutional infirmity from a due process posture. The reading of an implied consent warning from a standard, preprinted card, has sufficed in the past to fully advise a motorist of the consequences of a violation of SDCL 32–23–10. *Chmelka v. Smith*, 81 S.D. 40, 130 N.W.2d 423 (1964).

We conclude the statute under attack passes constitutional muster. This Court will uphold legislative enactments unless they are clearly and unmistakably unconsti-

tutional. *State v. Morrison*, 341 N.W.2d 635 (S.D.1983); *State v. Crelly*, 313 N.W.2d 455 (S.D.1981). All presumptions are in favor of the constitutionality of a statute. *Crowley v. State*, 268 N.W.2d 616 (S.D. 1978). Finally, Fischer signed the consent form to take a blood alcohol test and permitted the nurse to draw blood from his arm which revealed a blood alcohol content of .20% by weight. Conviction affirmed.

FOSHEIM, C.J., MORGAN, J., and WUEST and HERTZ, Circuit Judges, Acting as Supreme Court Justices, concur.