**In the Matter of the Driver's License Revocation of James A. MALONE**

**No. 14947.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1985.

Decided May 21, 1986.

Sherri L. Sundem, Asst. Atty. Gen., Pierre, for appellant State; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Walter J. Bradsky, Rapid City, for appellee Malone.

PER CURIAM.

The South Dakota Department of Commerce and Regulation (Department) appeals from a circuit court judgment reversing Department's order revoking James A. Malone's (Malone) driver's license. We reverse.

Malone was arrested for violating SDCL 32–23–1. He was read the implied consent advisory and asked to take a blood test. Malone refused. Three days later, Department notified Malone of its intent to revoke his driver's license. That same day, the Pennington County State's Attorney's office notified Malone's attorney that "... Mr. Malone's DWI charges will not be charged out." Two months later, after an administrative hearing, SDCL 32–23–11,[1] Department found and concluded that the law enforcement officer complied with the law and that Malone refused to submit to the requested blood test. Pursuant to SDCL 32–23–11, Department revoked Malone's license.

Following a trial de novo, SDCL 32–23–12, the circuit court reversed Department's order. The court concluded that Malone refused to submit to the requested blood

of commerce and regulation finds that the law enforcement officer complied with the law and the refusal was made by the person, the department shall revoke that person's license to drive and any nonresident operating privileges for one year....

test after being lawfully arrested and advised of his implied consent rights. The court also concluded that:

> ... James A. Malone was never taken into custody and was never charged with DWI in violation of 32–23–1. That as a result, James A. Malone was never afforded an opportunity to escape license revocation by pleading guilty. He was deprived of his right to salvage his driving privileges.

> Based on the foregoing Findings of Fact and Conclusions of Law and inasmuch as Petitioner was never taken into custody, never appeared in Court and was never given the opportunity to salvage his driver's license privileges as contemplated by SDCL 32–23–11.1 and inasmuch as the State's Attorney did not comply with SDCL 32–23–1.3, it is the decision of the Court that the Order of the South Dakota Department of Commerce and Regulations revoking the driver's license of James A. Malone be reversed.[2]

The issue on appeal is whether Department is precluded from revoking Malone's driver's license for refusing to submit to a blood test because the state's attorney elected not to charge him with a violation of SDCL 32–23–1.

This court has consistently distinguished license revocation proceedings from criminal proceedings relative to DWI charges. In *Beare v. Smith*, 82 S.D. 20, 25, 140 N.W.2d 603, 606 (1966), the court said:

> The proceeding to determine or review the propriety of the cancellation, suspension, or revocation of a driver's license is separate and distinct from a criminal trial on a charge of driving while under the influence of intoxicating liquor or drugs, and the efficacy of the revocation by the

Commissioner does not hinge on whether there is a conviction or acquittal on a criminal charge related to the test.

This reasoning was followed in *Blow v. Commissioner of Motor Vehicles*, 83 S.D. 628, 164 N.W.2d 351 (1969), and in *Kirby v. State Dep't of Public Safety*, 262 N.W.2d 49 (S.D.1978). In *Kirby*, this court reinstated the administrative order revoking the driver's license. The court noted that the driving while intoxicated charge had been dismissed by the magistrate court on the ground that there was no probable cause for arrest and said that the "dismissal of the criminal charge was, of course, irrelevant to the disposition of the revocation proceeding." 262 N.W.2d at 50. In *In re Mehrer*, 273 N.W.2d 194 (S.D.1979), the court cited this line of cases and noted that the "... Department of Public Safety not only has no control over the actions taken in any criminal DWI case by the state's attorney, it does not receive notice of any decisions reached by the circuit court or local magistrate in dealing with dismissals of the criminal charges." 273 N.W.2d at 197.

Most recently, in *Nieman v. South Dakota Dep't of Public Safety*, 339 N.W.2d 795 (S.D.1983), we reversed a circuit court decision which held that the Department of Public Safety could not revoke a person's driving privilege until a preliminary hearing was held and the arrested person had an opportunity to plead either guilty or not guilty. We noted:

> In amending SDCL 32–23–11 in 1980 to allow a driver to escape license revocation by pleading guilty before an administrative revocation hearing has taken place, the legislature did not require the Department of Public Safety to coor-

**2.** SDCL 32–23–11.1, which the court relied on provides:

> A person's license to drive is not subject to revocation as provided in § 32–23–11 if he pleads guilty to violating § 32–23–1 prior to the departmental hearing, or, if a hearing is not requested, prior to a revocation order being issued.

SDCL 32–23–1.3 provides:

> Any person arrested for driving or being in actual physical control of a vehicle while the weight of alcohol in the blood of the arrested person is 0.10 percent or greater, shall be charged with a violation of § 32–23–1. The charge may be reduced or dismissed only if the prosecuting attorney states the reasons for reduction or dismissal in writing and on the record and files the reasons with the clerk of courts.

dinate its civil revocation proceedings with any *possible* criminal prosecution. 1980 S.D.Sess.Laws, ch. 230, § 3; *now see,* SDCL 32–23–11.1. [emphasis supplied.] 339 N.W.2d at 796. *See Matter of Hopewell,* 376 N.W.2d 812 (S.D.1985); *Matter of Revocation of Driver License of Kramer,* 377 N.W.2d 589 (S.D.1985).

Similarly, the fact that the state's attorney elected not to charge Malone with a violation of SDCL 32–23–1 has no bearing on civil driver's license revocation proceedings. The violation of the implied consent law was complete when Malone refused to take the test. SDCL 32–23–11; *Balsz v. State, Dep't of Public Safety,* 366 N.W.2d 492 (S.D.1985). Refusal to take the test rather than the implementation or outcome of criminal proceedings triggers the application of SDCL 32–23–11. SDCL 32–23–11.1 is inapplicable in cases where a violation of SDCL 32–23–1 is not charged. Consequently, we conclude that the circuit court erred as a matter of law when it concluded to reverse Department's order. *Temple v. Temple,* 365 N.W.2d 561 (S.D. 1985); *Wefel v. Harold J. Westin & Assoc., Inc.,* 329 N.W.2d 624 (S.D.1983).

Malone attempts to raise one issue on appeal. He contends that Department lacked subject matter jurisdiction because the arresting officer in the "Notice of Refusal" sent to Department represented that he had informed Malone of his implied consent rights when, in fact, another officer at the arresting officer's direction did the informing. While a reviewing court must consider the issue of subject matter jurisdiction even when not raised below, *Honomichl v. State,* 333 N.W.2d 797 (S.D. 1983), Malone, in reality, is questioning whether the notice to Department of Malone's arrest and refusal was adequate. Because he failed to file a notice of review, SDCL 15–26A–22, Malone waived this issue. *Gridley v. Engelhart,* 322 N.W.2d 3 (S.D.1982).

The judgment appealed from is reversed.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, participating.

SABERS, J., not having been a member of the court at the time this action was submitted to the court, did not participate.