STATE EX REL. JOHN F. BELTOWSKI v. R. H. TAHASH.*

123 N. W. (2d) 207.

July 26, 1963—No. 38,872.

*Certiorari denied by U. S. Supreme Court December 9, 1963.

*John F. Beltowski,* pro se, for appellant.

*Walter F. Mondale,* Attorney General, and *Charles E. Houston,* Solicitor General, for respondent, warden of the State Prison.

MURPHY, JUSTICE.

This is an appeal from an order of the District Court of Washington County dismissing without a hearing the defendant's petition for a writ of habeas corpus. The district court apparently was of the view that the petition was without merit in that it raised no issue which had not already been considered by this court on appeal.

In our decision in State v. Beltowski, 256 Minn. 220, 98 N. W. (2d) 252, we affirmed a judgment of conviction by which the defendant was sentenced to the state penitentiary on the charge of burglary in the third degree. The defendant applied to the United States Supreme Court for certiorari, which was denied February 23, 1960. Beltowski v. Minnesota, 361 U. S. 968, 80 S. Ct. 598, 4 L. ed. (2d) 548. He thereafter petitioned the United States District Court for the District of Minnesota for a writ of habeas corpus. This petition was denied, whereupon he moved for a certificate of probable cause pursuant to 28 USCA, § 2253, which was denied by the United States District Court. He then applied to the Circuit Court of Appeals for the Eighth Circuit for a certificate of probable cause, and on June 9, 1960, the clerk at the direction of the court entered an order denying the defendant's motion. Incorporated in the order is the following statement:

"It does not appear that he has exhausted his state remedies, in that he has made no application for a writ of habeas corpus in the Minnesota state courts. But even if he could be regarded as having exhausted his state remedies, his habeas corpus petition, when read in relation to the record of his trial conviction, does not appear to present any due-process infirmity of such substantiality as to entitle him to a federal writ or a hearing."

Mr. Justice Whittaker of the United States Supreme Court then granted the defendant leave to appeal from the Eighth Circuit Court's

order. In a per curiam decision the United States Supreme Court dismissed the appeal. Beltowski v. Rigg, 364 U. S. 629, 81 S. Ct. 357, 5 L. ed. (2d) 364.

From the record it appears that the defendant has previously served 10½ years in a penal institution in California for the offense of robbery in the first degree, and he has previously served in a penitentiary in this state for the offense of attempted burglary in the third degree. It also appears that prior to his arrest on the charge for which he is now confined, he had escaped from the Minneapolis workhouse.

In our decision (State v. Beltowski, *supra*) we discussed at length the numerous points which are again raised in his petition for a writ of habeas corpus. The petitioner's principal complaint on appeal was that he was denied representation by competent counsel. In our decision we said (256 Minn. 225, 98 N. W. [2d] 256):

"Defendant was represented throughout by competent counsel who apparently defended with vigor. Any hints that he was not properly represented are somewhat veiled. He contends of course that he was wrongfully arrested without warrant and his car searched without a search warrant in the hands of the officers; that he was held in jail for several days without being afforded a preliminary hearing until a week or more had passed; that the evidence as to identification and connecting him with the burglary is entirely circumstantial and not sufficient to sustain the conviction; that he was denied a fair and impartial trial; and that it was error on the part of the court not to furnish him with an unabridged transcript covering the whole of the proceedings and the testimony at the trial."

In these proceedings the defendant renews the claim that he was denied representation by competent counsel and as an additional ground in support thereof asserts that his attorney, without objection, permitted evidence obtained through an illegal search to be introduced against him. We gather that the defendant here attempts to secure a retroactive application of the rule in Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. ed. (2d) 1081, which holds that constitutional prohibitions against the use of testimony or papers obtained by unreasonable searches and seizures as defined by the Fourth Amendment are enforce-

able against the states through the Fourteenth Amendment. Ker v. California, 374 U. S. 23, 83 S. Ct. 1623, 10 L. ed. (2d) 726.

Since the issue thus raised was not developed at the trial, it should be recognized that an appellate court is at a hopeless disadvantage because of the inadequacy of the record. The general rule is that an appellate court will not consider illegality of evidence alleged to have been secured by an unlawful search and seizure where no objection was taken on constitutional grounds to the introduction of such evidence at the trial. Spies v. Illinois, 123 U. S. 131, 8 S. Ct. 22, 31 L. ed. 80; State v. Crawford, 96 Minn. 95, 104 N. W. 822, 768, 1 L. R. A. (N. S.) 839; People v. Friola, 11 N. Y. (2d) 157, 227 N. Y. S. (2d) 423, 182 N. E. (2d) 100. There have been a number of decisions with reference to the application of the Mapp rule involving the issue of illegal search and seizure, where convictions were had prior to the date of that decision. Commonwealth ex rel. Stoner v. Myers, 199 Pa. Super. 341, 185 A. (2d) 806; Commonwealth v. Mancini, 198 Pa. Super. 642, 184 A. (2d) 279; People v. Friola, *supra*. These authorities hold that the rule in the Mapp case is generally prospective in its application and does not require courts to reexamine prior convictions "on the mere belated allegation that the conviction involved evidence obtained as the result of an unreasonable search and seizure."[1] The reason for denying collateral attack on a judgment of conviction on the basis of the Mapp case is well stated by Mr. Justice Traynor in his concurring opinion in In re Harris, 56 Cal. (2d) 879, 886, 16 Cal. Rptr. 889, 894, 366 P. (2d) 305, 310, where he said:

"* * * Illegally seized evidence [as opposed to involuntary confessions[, on the contrary, is not made unreliable by the illegality of its seizure, and accordingly, to permit collateral attack because of its use would be justified only to deter unlawful police conduct. The right to challenge police conduct at the trial and on appeal is sufficient for that purpose."

The issue of reasonableness of a search and seizure is one of fact and

---

[1]Commonwealth v. Mancini, 198 Pa. Super. 642, 646, 184 A. (2d) 279, 281.

depends upon the particular circumstances of each case. Obviously the issue cannot be passed upon in a habeas corpus proceeding without benefit of a record which reflects the facts and circumstances of the alleged illegal acts. Where from the record it appears that there was no objection to the introduction of evidence in the trial court and no evidence was presented for the purpose of showing whether or not the officers acted lawfully, an appellate court cannot entertain the question of an illegal search and seizure. People v. Farrara, 46 Cal. (2d) 265, 294 P. (2d) 21.

Moreover, it should be pointed out that if the defendant's counsel had in fact objected to the introduction of the incriminating evidence at the trial, the objection would have been futile since such evidence would have been admissible under the law of this state. State v. Rogne, 115 Minn. 204, 132 N. W. 5.

We accordingly conclude that no new issue has been raised by these proceedings which has not already been reviewed and passed upon. The order denying the defendant's writ of habeas corpus must be affirmed.

Affirmed.