## STATE v. JOHN FRANCIS CLIFFORD, JR.

141 N. W. (2d) 124.

March 4, 1966—Nos. 39,303, 39,612.

Edward M. Glennon and William B. Stukas, for appellant.

Robert W. Mattson, Attorney General, George M. Scott, County Attorney, and Theodore R. Rix, Assistant County Attorney, for respondent.

OTIS, JUSTICE.

These are appeals from a conviction for burglary in the third degree based on a plea of guilty. The issue is whether the defendant was denied his constitutional right to litigate the validity of his arrest, and the search and seizure incident to it, by reason of his counsel's failure fully to advise him of his rights.

This matter has previously been before the court on an application for the issuance of subpoenas for the purpose of proving that defendant's plea of guilty was induced by illegally obtained evidence and an involuntary confession. State v. Clifford, 267 Minn. 554, 126 N. W. (2d) 258. We remanded for a determination of whether defendant entered his plea under a "genuine misapprehension of his legal position and his constitutional rights." 267 Minn. 555, 126 N. W. (2d) 259. After a hearing in the district court, defendant's motion to vacate the judgment, withdraw his plea of guilty, and enter a plea of not guilty was denied. Since jurisdiction was retained, the appeal is again before us.

The facts were presented to the district court on affidavits. They constitute the record on appeal. On March 26, 1963, at about 3:30 a. m., defendant was driving an automobile near the intersection of Highway No. 100 and Highway No. 55 in Golden Valley. He had as a passenger one Paul Hapka. Two Golden Valley police officers on routine patrol observed defendant's car drive around the General Motors training building on a driveway adjacent to a Holiday Motor Motel parking lot. The General Motors service road intersects the highway a few yards from a road which leads to the Ambassador Motel. The officers followed defendant's car as he headed toward the Viking Motel, two blocks away.

Because the preceding police shift had given the officers a "tip" that either the Viking Motel or the Holiday Motel would be burglarized that morning, they radioed for a check of defendant's license number and

stopped his car at or near Glenwood Parkway on Highway No. 55. In the process of examining his driver's license, one of the officers observed through the window an object approximately 2 feet square, covered by a blanket, resting on the rear seat, which he was able to identify as a light-colored television set. Defendant told the officer he had found the television on the road by Highway No. 100. His passenger claimed he found it in Wayzata. Defendant disclosed to the Golden Valley police that he had a prior felony conviction. However, since they were not then aware that there had been a burglary of the Ambassador Motel from which, it was subsequently discovered, the television in defendant's car was stolen, the Golden Valley police officers made no arrest.

Before defendant departed, two Minneapolis patrolmen came on the scene and were present during most of the interview. They were advised by the Golden Valley officers of their findings. One of the Minneapolis officers also observed through the window the light-colored television, partially covered with a blanket, on the back seat of defendant's car. The Minneapolis police were specifically advised by the Golden Valley officers that a motel in the Golden Valley area was to be burglarized for television sets. The Minneapolis police thereupon followed defendant out of Golden Valley and into Minneapolis, and within a period of 15 minutes observed defendant change lanes without signaling. For this offense defendant was stopped, he and his passenger were arrested, and their automobile searched. The police then discovered that the white television set in defendant's car bore the name "Ambassador Motel." Defendant and Hapka were taken into custody and booked for investigation of larceny and two traffic violations.

Defendant was arraigned, charged with burglary in the third degree, and plead not guilty. On May 6, 1963, he was brought before the court and in the presence of his counsel withdrew his plea and entered a plea of guilty. In the course of his presentence examination, defendant admitted in open court that in the early hours of the morning on March 26, 1963, he and his companion kicked in a door of the Ambassador Motel and took a television set without authority. At the time of his sentencing on May 21, 1963, defendant made substantially the same confession.

Thereupon he was sentenced to a term which was limited to 5 years in prison.

It is defendant's contention that his counsel's failure properly to advise him induced him to make incriminating statements and enter a plea of guilty without an understanding of his right to challenge the propriety of the arrest and the search and seizure.[1] Since we have concluded that the procedures followed did not deny defendant any constitutional rights, we do not find it necessary to consider the adequacy of his representation.

We must rely on a record which we agree is incomplete and in some respects unsatisfactory in that the affidavits are not responsive to one another in important particulars. Ordinarily it is a desirable practice to conduct a hearing at which testimony may be presented with an opportunity for cross-examination. However, for our purposes the record is adequate. The narrow issue then is whether there remains a valid controversy which requires a further hearing concerning the probable cause for defendant's arrest and the reasonableness of the search and seizure.

The line between what is mere suspicion and what constitutes probable cause has been characterized as a troublesome one which must be approached in a practical, nontechnical manner.[2] What is reasonable must necessarily depend upon the facts of each case.[3] The considerations which permit the search of an automobile have been distinguished from those governing the search of a home because of the danger, inherent in the mobility of an automobile, that evidence will be lost.[4] We have held

---

[1] Fahy v. Connecticut, 375 U. S. 85, 90, 84 S. Ct. 229, 232, 11 L. ed. (2d) 171, 175; State v. Richter, 270 Minn. 307, 309, 133 N. W. (2d) 537, 538.

[2] Brinegar v. United States, 338 U. S. 160, 176, 69 S. Ct. 1302, 1311, 93 L. ed. 1879, 1890, rehearing denied, 338 U. S. 839, 70 S. Ct. 31, 94 L. ed. 513.

[3] State v. Gebhard, 272 Minn. 336, 342, 137 N. W. (2d) 168, 172; State ex rel. Beltowski v. Tahash, 266 Minn. 182, 185, 123 N. W. (2d) 207, 209, certiorari denied, 375 U. S. 947, 84 S. Ct. 358, 11 L. ed. (2d) 278.

[4] State v. Sorenson, 270 Minn. 186, 199, 134 N. W. (2d) 115, 124; Preston v. United States, 376 U. S. 364, 366, 84 S. Ct. 881, 883, 11 L. ed. (2d) 777, 780.

in a number of cases that it is not only the right but the duty of police officers to investigate suspicious behavior both to prevent crime and to apprehend offenders.[5] While mere suspicion may not be enough to warrant an arrest or an investigation, where a suspect is fleeing or behaving in a furtive manner, the justification for his apprehension is greater.[6] In the instant case, the Golden Valley police were fortified in their suspicions not only by the prowling of defendant in the early hours of the morning on a private driveway, but by the tip which they had received from other sources. On the record before us, an arrest by the Golden Valley police when they first sighted the defendant's car in the area of the General Motors building quite obviously would not have been valid, even though it was in the vicinity of a motel which they believed might be the subject of a burglary.[7] However, in view of his unusual behavior in circling a business establishment on a private driveway at 3:30 in the morning, we are of the opinion that the Golden Valley police were justified in requiring defendant to explain his presence.[8] Having had probable cause for making the investigation, the Golden Valley police could properly view the interior of the car through the window and observe the television set on the back seat. This was not a search within the meaning of the Constitution.[9]

---

[5] State ex rel. Ogg v. Tahash, 273 Minn. 187, 140 N. W. (2d) 692; State ex rel. Branchaud v. Hedman, 269 Minn. 375, 130 N. W. (2d) 628, certiorari dismissed, 381 U. S. 907, 85 S. Ct. 1456, 14 L. ed. (2d) 289; State v. Harris, 265 Minn. 260, 269, 121 N. W. (2d) 327, 333, certiorari denied, 375 U. S. 867, 84 S. Ct. 141, 11 L. ed. (2d) 94.

[6] Henry v. United States, 361 U. S. 98, 104, 80 S. Ct. 168, 172, 4 L. ed. (2d) 134, 139; Ker v. California, 374 U. S. 23, 42, 83 S. Ct. 1623, 1634, 10 L. ed. (2d) 726, 743.

[7] Beck v. Ohio, 379 U. S. 89, 91, 85 S. Ct. 223, 225, 13 L. ed. (2d) 142, 145; Draper v. United States, 358 U. S. 307, 313, 79 S. Ct. 329, 333, 3 L. ed. (2d) 327, 332.

[8] Rios v. United States, 364 U. S. 253, 262, 80 S. Ct. 1431, 1436, 4 L. ed. (2d) 1688, 1694; People v. McLaine, 204 Cal. App. (2d) 96, 100, 22 Cal. Rptr. 72, 75; 65 Col. L. Rev. 861; 59 Nw. U. L. Rev. 652; Remington, *Police Detention and Arrest Privileges,* 51 Journal of Criminal Law, Criminology, and Police Science 386, 389.

[9] Leagre, *The Fourth Amendment and the Law of Arrest,* 54 Journal of

Although the disclosure by a suspect that he has a felony record does not constitute probable cause for his arrest,[10] it is, nevertheless, an element which may be considered along with all the other circumstances, including the conflicting versions of where the television came from. By the time the Golden Valley officers released defendant we believe they had probable cause for apprehending him. Although some of the information they gave the Minneapolis police was hearsay, in total it was sufficiently reliable to permit the Minneapolis police to then make an arrest but for the fact defendant was not within their jurisdiction.[11] However, it is clear they had no authority to search defendant's car and seize the television as an incident to an arrest for changing lanes without signaling. This was, to say the least, a transparent pretext.[12] A search for evidence in defendant's possession, incident to an arrest without a warrant, is reasonable if it is to seize weapons which may be used to assault an officer or effect an escape, or to prevent the loss or destruction of the fruits of the crime or the implements used in accomplishing it. Preston v. United States, 376 U. S. 364, 367, 84 S. Ct. 881, 883, 11 L. ed. (2d) 777, 780. None of these purposes has any application in the context of a relatively trivial traffic violation. The ultimate question is whether, apart from the devious and unavailing technique used by the police to seize the television set, there was some constitutionally permissible basis for apprehending defendant and seizing the television in the process of so doing. We believe there was. The record indicates defendant was "booked for investigation of larceny," which was equivalent to an arrest,[13] and what was seized

---

Criminal Law, Criminology, and Police Science 393, 406; State v. Huffstutler, 269 Minn. 153, 156, 130 N. W. (2d) 347, 349; Ker v. California, 374 U. S. 23, 43, 83 S. Ct. 1623, 1635, 10 L. ed. (2d) 726, 744.

[10] Beck v. Ohio, 379 U. S. 89, 97, 85 S. Ct. 223, 228, 13 L. ed. (2d) 142, 148.

[11] Draper v. United States, 358 U. S. 307, 312, 79 S. Ct. 329, 333, 3 L. ed. (2d) 327, 332; Beck v. Ohio, 379 U. S. 89, 91, 85 S. Ct. 223, 225, 13 L. ed. (2d) 142, 145.

[12] State v. Harris, 265 Minn. 260, 268, 121 N. W. (2d) 327, 333; Ker v. California, 374 U. S. 23, 42, 83 S. Ct. 1623, 1635, 10 L. ed. (2d) 726, 743.

[13] State v. Harris, 265 Minn. 260, 269, 121 N. W. (2d) 327, 334; Henry v. United States, 361 U. S. 98, 103, 80 S. Ct. 168, 171, 4 L. ed. (2d) 134, 139.

were the fruits of larceny and in danger of loss or destruction if defendant succeeded in eluding the police. Since the arrest and search were contemporaneous and related, the seizure without a warrant was reasonable.[14]

To recapitulate, we conclude that the ultimate arrest of defendant by the Minneapolis police was justified by the knowledge derived from an informer that a Golden Valley motel would be burglarized for television sets; by the observation of defendant's vehicle off the public highway on a drive which circled the private property of the General Motors building; by the proximity of that building to the motel parking lot; by the view of the police of what appeared to be a television set on the rear seat of defendant's vehicle; by the inconsistent versions given by defendant and his passenger concerning the acquisition of the set; and by the statement of defendant that he had a prior felony record. However insufficient any one of these factors may have been in assessing probable cause, we believe the sum of them was sufficient to permit the Minneapolis police to apprehend defendant for larceny and in the process of so doing to seize the evidence which they found in the car.

We are governed by and concur in the observation made by Mr. Justice Goldberg in United States v. Ventresca, 380 U. S. 102, 111, 85 S. Ct. 741, 747, 13 L. ed. (2d) 684, 691:

"This Court is alert to invalidate unconstitutional searches and seizures whether with or without a warrant. * * * By doing so, it vindicates individual liberties and strengthens the administration of justice by promoting respect for law and order. This Court is equally concerned to uphold the actions of law enforcement officers consistently following the proper constitutional course. This is no less important to the administration of justice than the invalidation of convictions because of disregard of individual rights or official overreaching."

In view of our conclusion that the search and seizure were reasonable, defendant's contention that he was induced to make admissions and enter a guilty plea as a result of a genuine misapprehension of his legal position

---

[14] State v. Olson, 271 Minn. 50, 55, 135 N. W. (2d) 181, 185; State v. Holmes, 273 Minn. 223, 140 N. W. (2d) 610.

and his constitutional rights is without merit. We therefore hold that a further and more exhaustive hearing on the validity of the arrest and the search and seizure incident to it is not required.

Affirmed.