STATE, Respondent v. HERMANDSON et al., Appellants

(169 N.W.2d 255)

(File No. 10497. Opinion filed July 3, 1969)

**Roy A. Nord,** Madison, **Mumford, Protsch & Sage,** Howard, for defendants and appellants.

**Frank L. Farrar,** Atty. Gen. and **Thomas R. Vickerman,** Asst. Atty. Gen., Pierre, for plaintiff and respondent.

BIEGELMEIER, Presiding Judge.

The complaint (SDC 1960 Supp. 34.1501) charges that defendants did on November 6, 1966:

> "unlawfully throw and cast the rays of a vehicle headlight upon the highway in an area wherein big game may reasonably be expected to be while having in their possession and under their control a firearm, to-wit: a Ruger .22 caliber semi automatic rifle whereby any big game could be killed which weapon was fully assembled and loaded in violation of Section 25.0702 SDC 1939 as amended."

This section was amended to include this offense by Chapter 96, Laws of 1943.

The facts are that about 9:00 p. m. on November 6, 1966, State Game Warden Peterson received a call that a deer had been hit on Highway 81 near Arlington. When he arrived and while he was dressing it out he heard gunshots. He called Warden Hoekman by radio and when he arrived they both heard shots coming from the north and saw a vehicle approaching from that direction and so they headed north in one of the warden's cars. They soon met a pickup truck which stopped and as appellants' brief states it:

> "Peterson proceeded toward the back of the truck and looked into the box. This testimony was objected to and the objection denied. * * * Peterson said he saw a knife and blood in the pickup. He took the knife * * * and put it in Mr. Hoekman's car. * * * Hoekman reached in the cab of the truck and grabbed the rifle which was between the driver, Hermandson, and Appellant Rinkley."

Defendants served and relied on four assignments of error. The first one states the court erred in allowing testimony as to the stopping of Defendant Hermandson's vehicle and the search thereof and that the stopping was in violation of defendant's constitutional rights. SDC 1960 Supp. 33.0735 relates to the content and service of assignments of error; it requires that each assignment shall state only one claim of error, separately stated and numbered and "shall refer to the page of the transcript * * * where the alleged error appears." This assignment designating pages 36 and 37 of the transcript does not set out nor can it set out any question, objection or ruling as no objection was made to any question. An examination of pages 36 and 37 discloses the evidence there relates to the warden's driving north to meet a vehicle coming south; they turned on their red lights and it stopped in front of them and Defendant Hermandson stepped out of the pickup and they had a conversation. The testimony of the prior witness Peterson is to the same effect and all the testimony relating to the stopping of the pickup went in without objection. Peterson further testified he and Hoekman got out of his car and approached the pickup; that Hoekman stopped at the cab and Peterson proceeded around the side of the pickup and the following occurred:

A. "I walked around towards the side and rear of the pickup and looked into the box."

"That is objected to for the reason that there is no proper foundation for it and his testimony has already been suppressed."

The Court: "Overruled. This is testimony. There was no motion to suppress the testimony, but now that you have raised that, that motion has been denied and you will probably want a continuing objection, but for the time being I will rule on the one objection which is overruled."

■ ■ This record shows defendants did not object to testimony of this witness or the right of the wardens to stop

the pickup but only of what the warden may have seen after he walked to the rear of it. Defendant may not for the first time raise that question in the appellate court. Application of Heintz on Behalf of Trembly, 78 S.D. 188, 99 N.W.2d 794 and State v. Pirkey, 22 S.D. 550, 118 N.W. 1042, 18 Ann.Cas. 192 (rev. on other grounds in 24 S.D. 533, 124 N.W. 713), evidence admitted without objection is not subject to a motion to strike it.

 The trial court was correct in overruling the objection as to foundation for the witness Peterson was testifying what he did and saw in the presence of defendants and there was no lack of foundation. The objection that the court had suppressed the "testimony" did not correctly state the court's ruling. Counsel is bound by the grounds stated in his objection if it is overruled. Ross v. Foss, 77 S.D. 358, 92 N.W.2d 147; Fryda v. Vesely, 80 S.D. 356, 123 N.W.2d 345; Accord: State v. Dietz, N.D., 115 N.W.2d 1, citing 88 C.J.S. Trial § 125(b).

██ The evidence of stopping defendant's auto being without objection the officers could properly testify what they saw from where they stood on the public highway as this did not amount to a search within the constitutional provisions cited. In State v. Huffman, 1967, 181 Neb. 356, 148 N.W.2d 321, cert. den. 386 U.S. 1024, 87 S.Ct. 1384, 18 L.Ed.2d 466, after stopping a car and during an "informal detention" the officer flashed his light through the car window and observed a stolen rifle and in Dickerson v. State, 1967, 43 Ala.App. 694, 200 So.2d 487, the court held there was no "search" of an automobile where a gun was visible to an officer when he looked into the automobile. The court quoted from Carver v. Ross, E.D.N.C., 257 F.Supp. 894, that "It is not a search to see what is patent and obvious." See also People v. McDonald, 1968, 13 Mich.App. 226, 163 N.W.2d 796; State v. Howard, 1969, Neb., 167 N.W.2d 80 and State v. Smith, 1969, Neb., 167 N.W.2d 568. Cf. State v. Valstad, 1969, Minn., 165 N.W.2d 19.

Viewed, however, under the guidelines for searches and seizures in State v. McCreary, 1966, 82 S.D. 111, 142 N.W.2d 240, the testimony was admissible as there was probable cause for

the actions of the officers. The McCreary opinion states a search of an automobile must meet the test of reasonableness under both Article 4 of the amendments to the U. S. Constitution and Article VI, § 11 of the S.D. Constitution and cites· Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 and State v. Merrell, 52 S.D. 129, 216 N.W. 874. The court pointed out the difference between search of a house or rooms and search of an automobile and quoted from the Preston opinion that:

> "Common sense dictates, of course, that questions involving searches of motorcars or other things readily moved cannot be treated identical to questions arising out of searches of fixed structures like houses. For this reason, what may be an unreasonable search of a house may be reasonable in the case of a motorcar."

This distinction as to a movable vehicle was earlier recognized in Johnson v. United States, 1948, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 and, in Alston v. State, 1966, 30 Wis.2d 88, 140 N.W.2d 286, said to be a significant factor. Here, as in Alston, there "was a great risk that the contraband and the suspects themselves would leave the area if the police were to seek a warrant" at a time and place when no magistrate was available. State v. Clifford, 273 Minn. 249, 141 N.W.2d 124. The considerations which permit search of an automobile have been distinguished from those governing the search of a home because of the danger, inherent in the mobility of an automobile, that evidence may be lost and what is reasonable must necessarily depend on the facts of each case. State v. Clifford, supra, and many authorities cited.

█ Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. Probable cause exists when the facts and circumstances within the officer's knowledge

and information warrant a man of reasonable caution in the belief an offense has been or is being committed. United States v. Zimple, 1963, 7 Cir., 318 F.2d 676, citing Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 and quoting from Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879.

■ It must be kept in mind all game animals are the property of the state except they may be used by a person upon killing or taking the same as by law provided, SDC 25.0411; it is unlawful to hunt or shoot at deer except by permission of the Game Commission, SDC 1960 Supp. 25.0701 and a license issued pursuant to SDC 1960 Supp. 25.0302, both as variously amended. It is the duty of a licensee at any time to exhibit his license to any person, SDC 25.0314. Game Wardens are authorized to make this request of persons lawfully hunting and also to arrest without a warrant persons detected in the act of violating any game or fish law. SDC 25.0114, amended by Ch. 134, Laws of 1963. Here the wardens heard several shots fired between ten and eleven o'clock at night and they observed lights being shone in such manner as to aid persons illegally hunting deer known to be in that area; as men of reasonable caution they had probable cause to stop the men coming from the place the shots were fired and lights shone, either to ask them to exhibit their licenses or detain them to investigate if they were the persons involved in those acts. This justified a search even though the defendants were not then arrested.

■ ■ Defendant Rinkley challenges the sufficiency of the evidence to uphold his conviction. It appears from the evidence the pickup truck and gun were owned by Defendant Hermandson and he was driving the pickup when the officers met them; Defendant Rinkley testified he did not handle the gun at any time. This evidence was undisputed and the fact that the gun was standing between Defendant Hermandson (the driver) and Defendant Rinkley (the passenger) was insufficient to charge Rinkley with any control or possession of it. The evidence was, therefore, insufficient to sustain Rinkley's conviction and must be reversed. The evidence is sufficient as to Defendant Hermandson.

The judgment as to Defendant Hermandson is affirmed and as to Rinkley is reversed.

ROBERTS, RENTTO and HOMEYER, JJ., concur.

HANSON, J., not participating.