## COMMONWEALTH of Kentucky, DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### David Dominic TUEMLER, Appellee.

Court of Appeals of Kentucky.

June 27, 1975.

Mary Jo Arterberry, Frankfort, for appellant.

R. Barry Wehrman, Wehrman & Wehrman, Covington, for appellee.

STERNBERG, Justice.

This is an appeal from a Kenton Circuit Court judgment which rescinded an order by the Department of Public Safety suspending the motor vehicle operator's license of appellee for refusing to take a breathalyzer test. The appeal raises the question of whether the arresting police officer made a proper request for appellee to take the breathalyzer test, including an adequate warning of the effect of his refusal, as required by KRS 186.565.

The record reveals that on August 10, 1972, Police Officer Seifried observed a speeding vehicle and stopped it. Appellee, the driver of the vehicle, had bloodshot eyes and slurred speech, was unable to walk steadily, and had an odor of alcoholic beverages. Appellee was arrested on three charges, one of which was driving while under the influence of intoxicating liquor. KRS 189.520.

The police officer requested appellee to take a breathalyzer test. He refused, saying he did not wish to put any unsanitary paraphernalia in his mouth. The officer claimed to have then explained that a new mouthpiece was inserted each time the test was given. Appellee denied that such an explanation was made. Officer Seifried again requested appellee to take the test, this time advising him "that upon another refusal (the officer) would be required to submit an affidavit to the Department of Public Safety." The appellee again refused. The officer testified, on direct examination, that on the way to the police station he again asked appellee to take the test, warning him that his refusal would result in his being suspended from driving for a period of up to six months. On cross-examination, Officer Seifried testified that appellee was not told that he would automatically lose his license but was warned that the chances were that he would. Appellee continued to refuse to take the test each time a request was made.

Appellee admitted that the officer requested several times that he take the test, but he denied that the officer ever mentioned the consequences of his refusal. He admitted that he refused all requests. Cf.

*Commonwealth, Department of Public Safety v. Hayden,* Ky., 484 S.W.2d 97 (1972).

Following the administrative hearing pursuant to KRS 186.565(4), the commissioner concluded that a proper request and a warning were made. This conclusion is supported by substantial evidence and is neither arbitrary nor capricious. See KRS 186.565(5); *Commonwealth, Department of Public Safety, v. Cheek,* Ky., 451 S.W.2d 394 (1970).

Appellant raises the question of whether the warning of the consequences of refusing to take the test was sufficient to comply with requirements of KRS 186.565. This appears to be the first time that this particular issue has been raised before this court.

Officer Seifried warned appellee of the consequences saying that if he refused to take the test the officer would submit an affidavit and "chances are he (appellee) would lose his driver's license." Appellee argues that this warning was inadequate. Clearly, this statement substantially apprised appellee of the consequences of refusing to take the test. See *Craig v. Commonwealth, Department of Public Safety,* Ky., 471 S.W.2d 11 (1971).

Appellee argues the officer should have pointed out that the revocation by the Department of Public Safety is "automatic". However, revocation is not necessarily "automatic", but is subject to an administrative hearing such as the one given appellee.

Since the appellee refused to take a breathalyzer test, after being sufficiently warned of the consequences of his refusal, the department's decision to revoke his operator's license pursuant to KRS 186.565 should be upheld.

The judgment of the Kenton Circuit Court rescinding the revocation is reversed, and the case is remanded to the circuit court for the entry of a judgment upholding the action of the Department of Public Safety.

All concur.