**STATE of South Dakota, Plaintiff and Respondent,**

v.

**Raymond Charles OYEN, Defendant and Appellant.**

**No. 12635.**

Supreme Court of South Dakota.

Submitted on Briefs Sept. 19, 1979.

Decided Dec. 19, 1979.

Kevin F. Manson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

T. R. Pardy, of Mumford, Protsch, Sage & Pardy, Howard, for defendant and appellant.

FOSHEIM, Justice.

The defendant was convicted of driving a motor vehicle while there was 0.10% or more by weight of alcohol in his blood. A motion for arrest of judgment and acquittal was denied. The judgment and sentence were stayed pending appeal. We reverse.

On the night of November 27, 1976, defendant and Donald Sabers were involved in an accident in a pickup truck owned by the defendant. Highway Patrolman James Walton arrived at the scene of the accident and found defendant lying unconscious on the ground about thirty feet from the pickup. Sabers was then seated in another pickup that had arrived after the accident occurred. The investigating officer called for an ambulance and requested that a trooper be sent to meet the ambulance at the hospital in Madison for the purpose of obtaining a blood test. Trooper Kirkpatrick of the South Dakota Highway Patrol met the ambulance at the hospital where he arrested defendant for driving while intoxicated. He also caused a blood sample to be drawn from defendant which he forwarded to the State Chemistry Laboratory. The blood test revealed .18% alcohol by weight.

Assignments of Error One and Two claim the warrantless arrest was illegal because neither the investigating officer nor the arresting officer had probable cause to find that the defendant was driving the vehicle involved in the accident. SDCL 32–23–1 provides, in part:

> A person shall not drive or be in actual physical control of any vehicle while:
> (1) There is 0.10 per cent or more by weight of alcohol in his blood . . . .

Under SDCL 32–23–1.1,* a law enforcement officer may arrest a person without a warrant for violating SDCL 32–23–1 even though the officer did not witness the violation, provided he has probable cause to believe (1) that the person was involved in a traffic accident, and (2) that he was driving a vehicle in violation of SDCL 32–23–1 prior to, or immediately following, the accident.

Upon arriving at the scene of the accident, Trooper Walton found that the pickup truck had been involved in a serious accident. He found numerous beer cans strewn about the pickup and was told by Sabers that defendant had been operating the vehicle. On the basis of these facts, Trooper Walton concluded there was probable cause to believe that defendant was driving the vehicle at the time of the accident in violation of SDCL 32–23–1. He advised Trooper Kirkpatrick of this over the State Radio. Acting upon this information and his own observation that defendant's breath smelled strongly of alcohol, Officer Kirkpatrick arrested defendant and caused a blood sample to be taken.

Probable cause for arrest exists where facts and circumstances within a police officer's knowledge of which he has reasonably trustworthy information "are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime

---

* SDCL 32–23–1.1 provides:

> A law enforcement officer may, without a warrant, arrest a person for a violation of the provisions of § 32–23–1 when he has probable cause to believe that the person to be arrested has been involved in a traffic accident and has violated the provisions of § 32–23–1 and that such violation occurred prior to or immediately following such traffic accident.

This statute was apparently enacted pursuant to the urging of the United States District Court for South Dakota in *Holland v. Parker*, 354 F.Supp. 196 (D.S.D.1973).

has been . . . committed." *Klingler v. United States*, 409 F.2d 299, 303 (8th Cir. 1969), *cert. denied*, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969). As we stated in *State v. Hermandson*, 84 S.D. 208, 213, 169 N.W.2d 255, 258 (1969):

> Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

See *Anderson v. Sager*, 173 F.2d 794 (8th Cir. 1949). We conclude that the officer did have probable cause to make the warrantless arrest.

■ Defendant also contends that the evidence was insufficient to support the verdict because it was circumstantial and was as consistent with innocence as with guilt. Circumstantial evidence in this type of case which tends to prove that a defendant did in fact drive the vehicle will support a finding of guilt, provided it excludes every reasonable hypothesis of innocence. *State v. Williamson*, 86 S.D. 485, 198 N.W.2d 518 (1972); *State v. Rober*, 86 S.D. 442, 197 N.W.2d 707 (1972); *State v. Scott*, 84 S.D. 511, 173 N.W.2d 287 (1969), *cert. denied*, 400 U.S. 821, 91 S.Ct. 39, 27 L.Ed.2d 49 (1970); *State v. Guffy*, 50 S.D. 548, 210 N.W. 980 (1926).

■ The fact that defendant was the owner of the vehicle involved in the accident does not mean that he was driving at the time of the accident. Testimony to the effect that Sabers told Officer Walton that defendant was driving was not admitted at trial (as it was at the preliminary hearing). The evidence shows that prior to the accident, both men had been drinking in a bar at Canova in Miner County. Defendant testified that he remembered nothing about the day of the accident except that he consumed beer and ate a pizza about noon in Canova. Sabers testified that after lunch they both spent the afternoon dressing out a deer and road hunting, and that they met again that evening at the bar in Canova. Sabers did not remember how long he stayed at the bar or by what means he left, but recalled being in defendant's pickup at the time of the accident. He did not know whether he or the defendant was driving, but believed that he was seated on the passenger side after the accident and that he crawled out the back window. The state gives emphasis to his testimony that he had likely told one of the investigating officers that he had his seat belt on at the time of the accident. However, that evidence is as consistent with his being the driver as with being a passenger. The state also alludes to the fact that Sabers remembered shouting "Look out!" just prior to the accident. Under the circumstances, however, this natural, spontaneous cry in the face of impending danger is no more attributable to a passenger than to a driver. The state also relies on Sabers' testimony at trial that at the hospital on the night of the accident, he told defendant's wife he was "sorry it had to happen" but also stated that his apology was not meant to suggest that he caused the accident. This, however, does not indicate that defendant was driving the truck.

In this case, "[e]very fact and circumstance relied upon by the state to establish defendant's guilt can be reasonably accounted for upon numerous hypotheses entirely consistent with the innocence of the defendant." *State v. Guffy*, 50 S.D. at 553, 210 N.W. at 982. Based upon the evidence, it is just as reasonable to conclude that Sabers, rather than defendant, was the actual driver.

The judgment of conviction is reversed.

All the Justices concur.