STATE of South Dakota, Plaintiff and Respondent,

v.

Wesley Curtis JAMES, Defendant and Appellant.

No. 12733.

Supreme Court of South Dakota.

Submitted on Briefs on Nov. 16, 1979.

Decided Dec. 28, 1979.

upon by the *Lecker* court, where the same conclusion was reached.

Judith A. Atkinson, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

Michael A. Lyons, Sioux Falls, for defendant and appellant.

DUNN, Justice.

Defendant appeals his conviction of possession of a controlled drug (amphetamines). We affirm.

On the afternoon of July 11, 1978, defendant and Robert Chris McCormick were riding in McCormick's green and white automobile on 41st Street in Sioux Falls, South Dakota. Two Sioux Falls detectives were meeting with an unnamed informant as the McCormick vehicle passed by. The informant pointed to the automobile and stated that the vehicle with "those two guys" in it contained marijuana, acid and pills. The informant told the detectives that he had personally observed the contraband in the automobile with McCormick and defendant. The detectives arrested the occupants of the green and white vehicle for possession of a controlled drug. The car was searched and a bag of amphetamine tablets was found in the glove compartment in the center of the dashboard. There was some discrepancy at the preliminary hearing as to whether the informant had told

the detectives that he had seen the drugs that same morning or the previous morning.

Defendant initially contends that certain ambiguities made it imperative that the informant's identity be disclosed and that he be compelled to testify at trial. Defendant cites *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), in support of that contention. Such reliance is misplaced. The language of *Roviaro* clearly limits the instances wherein an informant can be compelled to testify to proceedings where guilt or innocence is being determined, i. e., trial proceedings. Where the issue is merely probable cause for arrest, an informant's identity need not be disclosed. *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

In order to prevail, defendant must show that he was hindered in presenting a defense at trial by refusal to disclose the informant's identity. He has not done so. Rather, he has attempted to base a theory of inability to present an adequate trial defense upon the testimony taken to establish probable cause, which is clearly distinct from the trial proceedings.

Defendant next argues that his motion to suppress evidence should have been granted because the arresting officers lacked probable cause. Probable cause, or "reasonable cause" as employed in SDCL 23–22–7(3),* does not require proof beyond a reasonable doubt. While good faith on the part of the arresting officers is not enough, officers need only be reasonable and prudent, and they need not operate as legal technicians. *State v. Glick*, 87 S.D. 1, 201 N.W.2d 867 (1972); *State v. Thunder Horse*, 85 S.D. 76, 177 N.W.2d 19 (1970).

The arresting officers in this case were personally told by the informant that on the same morning or the previous morning he had observed controlled drugs in the automobile in question and that it had been "those two guys" in the automobile when the drugs were observed. The phrase "those two guys" is an unequivocal identification, irrespective of the fact that no names were specifically mentioned. Additionally, we do not believe that it is particularly significant whether the informant had seen the drugs that same morning or the morning before. In either case, a reasonably prudent officer would have sufficient probable cause to make the arrest.

Finally, defendant argues that his conviction was based upon insufficient circumstantial evidence. In addition to the circumstantial evidence (finding contraband in a car in which defendant was riding), three witnesses—McCormick, McCormick's wife and one Randy Winters—testified that defendant admitted placing the drugs in the glove compartment as the officers approached to make the arrest, that defendant had previously stated that the drugs belonged to him, and that defendant intended to sell the drugs. It was for the jury to decide whether to believe these witnesses, and we will accept its verdict.

The judgment of the trial court is affirmed.

All the Justices concur.

---

* Repealed by 1978 Sess.L. ch. 178, § 577, effective July 1, 1979; reenacted in substantial part as SDCL 23A–3–2(2), effective July 1, 1979.