STATE of South Dakota, Appellant,

v.

James FONDER, Appellee.

No. 13627.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1982.

Decided Aug. 18, 1982.

was heavily damaged. Trooper Bender observed defendant behind the wheel of the vehicle. In a conversation with Trooper Bender, defendant seemed confused regarding the direction he had been traveling at the time of the accident. Defendant thought he had been traveling eastbound, when in fact the road in question runs north and south. Trooper Bender smelled alcoholic beverages on defendant's breath. Trooper Bender transported defendant to the hospital in Ipswich for treatment of a head cut that defendant had suffered in the accident. At the hospital Trooper Bender arrested defendant for D.W.I. and read him the implied consent warning, after which a blood sample was drawn for testing.

One of the conclusions of law entered by the magistrate stated that the State's evidence "was insufficient for the Court to conclude beyond a reasonable doubt that the Defendant had been validly arrested . . . ." We agree with the State that the magistrate erred in applying such a stringent standard of proof, for we held in *State v. James*, 286 N.W.2d 534 (S.D. 1979), that probable cause to make a warrantless arrest under the statute authorizing such arrests does not require proof beyond a reasonable doubt. See also *State v. Glick*, 87 S.D. 1, 201 N.W.2d 867 (1972). We conclude that the same analysis applies to arrests effected under SDCL 32–23–1.1.* In holding that probable cause existed to make an arrest under SDCL 32–23–1.1, we said in *State v. Oyen*, 286 N.W.2d 317, 318–19 (S.D.1979):

> Probable cause for arrest exists where facts and circumstances within a police officer's knowledge of which he had reasonably trustworthy information "are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been . . . committed." *Klingler v. United States*, 409 F.2d 299, 303 (8th Cir. 1969), cert. denied, 396 U.S. 859,

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for appellee.

PER CURIAM.

This is an intermediate appeal by the State from a magistrate's order granting defendant's motion to suppress the results of a blood-alcohol test. SDCL 23A–32–5(1). We reverse and remand.

At approximately 3:00 a. m. on August 1, 1981, Trooper Don Bender was called to an accident scene north of Ipswich. In the ditch was a vehicle that had rolled over and

---

* SDCL 32–23–1.1 provides:

A law enforcement officer may, without a warrant, arrest a person for a violation of the provisions of § 32–23–1 when he has probable cause to believe that the person to be arrested has been involved in a traffic accident and has violated the provisions of § 32–23–1 and that such violation occurred prior to or immediately following such traffic accident.

90 S.Ct. 127, 24 L.Ed.2d 110 (1969). As we stated in *State v. Hermandson*, 84 S.D. 208, 213, 169 N.W.2d 255, 258 (1969):

Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.

See *Anderson v. Sager*, 173 F.2d 794 (8th Cir. 1949).

■ Trooper Bender knew that defendant had been involved in an accident only minutes before the officer arrived at the scene. He observed defendant sitting behind the wheel of the wrecked vehicle. Defendant's apparent confusion concerning the direction he had been traveling, coupled with the odor of alcohol on his breath, gave Trooper Bender sufficient cause to believe that defendant had been driving while under the influence of alcohol. Accordingly, the magistrate should have held that the arrest was valid and should thus not have suppressed the results of the blood test.

The order appealed from is reversed, and the case is remanded for further proceedings.