**Dorothy L. NIEMAN, Petitioner and Appellee,**

v.

**SOUTH DAKOTA DEPARTMENT OF PUBLIC SAFETY, Appellant.**

No. 14024.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1983.

Decided Nov. 9, 1983.

Denis R. Eckert, Elk Point, for petitioner and appellee.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

PER CURIAM.

The State of South Dakota appeals from a circuit court order vacating a decision of the Department of Public Safety which revoked petitioner Dorothy Nieman's driving privileges for one year. We reverse.

On February 28, 1982, Ms. Nieman was arrested for driving while under the influence of an alcoholic beverage. She refused to submit to a chemical sobriety test. After continuances of both the criminal preliminary hearing and the administrative revocation hearing, Ms. Nieman's request for a second continuance of the administrative hearing until after the preliminary hearing was denied. As a result of her refusal to submit to a chemical sobriety test, the Department of Public Safety revoked her driving privileges for one year. *See* SDCL 32–23–11.* The revocation occurred before Nieman's preliminary hearing on the D.W.I. charge. Upon petition, Nieman was granted a trial de novo in circuit court pursuant to SDCL 32–23–12. The circuit court reversed the revocation of driving privileges, concluding as a matter of law that the South Dakota Department of Public Safety could not revoke a person's driving privileges until a preliminary hearing is held and the person arrested has had a reasonable opportunity to plead either guilty or not guilty. We disagree.

■ Revocation of driving privileges for refusing a blood-alcohol test is unquestionably legitimate, assuming appropriate procedural protections. *South Dakota v. Neville,* —— U.S. ——, 103 S.Ct. 916, 74 L.Ed.2d 748 (1983). In amending SDCL 32–23–11 in 1980 to allow a driver to escape license revocation by pleading guilty before an administrative revocation hearing has taken place, the legislature did not require the Department of Public Safety to coordinate its civil revocation proceedings with any possible criminal prosecution. 1980 S.D.Sess.Laws, ch. 230, § 3; *now see* SDCL 32–23–11.1. Nor does this statute or due process require the Department of Public Safety to postpone revocation until a preliminary hearing is held. We see no reason to read such a requirement into the statute.

■ If Ms. Nieman had wished to plead guilty she could have waived the preliminary hearing and entered her plea at the initial court appearance or before any of the continuances long before the administrative revocation hearing took place. The Department of Public Safety did not abuse its discretion in refusing her request for a second continuance of the revocation hearing.

Reversed.

* SDCL 32–23–11 was amended in 1982. 1982 S.D.Sess.Laws, ch. 18, § 28; ch. 248, § 1. Because the arrest occurred before the effective date of the amendment, the 1980 version is applicable here. It reads:

Any person described in § 32–23–10 not given a chemical analysis because of his right to refuse such test shall have the opportunity to demand a hearing pursuant to chapter 1–26 before further action is taken under this section. After this opportunity, if the department finds that the law enforcement officer complied with the law and the refusal was made by the person, then the department may revoke for one year both that person's license to drive and any nonresident operating privileges which he may have in his possession. The department may also allow the person to drive under restrictions which it may impose. The provisions of this section do not apply to a person who pleads guilty to an offense in which the results of a chemical analysis test, if taken, would have been admissible in evidence, provided that the plea of guilty is entered before any departmental hearing in regard to the refusal has taken place.

*Now see* SDCL 32–23–11.1 (Pocket Supplement), for the effect of pleading guilty prior to the revocation hearing.