**In the Matter of the REVOCATION OF the DRIVER'S LICENSE OF Greg R. OLIEN.**

No. 14662.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1985.

Decided Dec. 11, 1985.

Walter J. Bradsky, Rapid City, for appellant Olien.

Jeffrey P. Hallem, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for appellee State.

FOSHEIM, Chief Justice.

Greg R. Olien's (Olien) driver's license was revoked by the South Dakota Department of Public Safety (now the Department of Commerce and Regulation). After a trial de novo, the circuit court also ordered Olien's license revoked. We affirm.

Shortly after midnight on January 21, 1984, a highway patrol trooper, using his radar, clocked a vehicle going seventy miles-per-hour in a fifty mile-per-hour zone in Rapid City, South Dakota. In overtaking the vehicle the trooper estimated its speed at eighty miles per hour. The trooper stopped the vehicle and Olien got out. Olien had no difficulty producing his driver's license but was unsteady on his feet, smelled of alcohol, and his speech was slurred.

When asked to perform a number of field sobriety tests Olien walked heel to toe unsteadily. He was also unable to balance on one foot for more than two seconds. Olien failed a preliminary breath test. *See* SDCL 32–23–1.2.

When Olien was arrested the implied consent law was read to him verbatim from a card carried by the trooper. The card read that if Olien refused a blood test, the Department of Public Safety "can" revoke his driver's license. Olien was not informed and the card contained no advice that a refusal to take the blood test could be used in any manner as evidence against him. Because Olien refused the blood test, the Department revoked his license following an administrative hearing.

The criminal proceeding against Olien for driving while under the influence was eventually dismissed.

■ Olien first contends that his arrest was made without probable cause and, hence, that his driver's license could not be revoked because the prerequisite of a lawful arrest had not occurred as SDCL 32–23–10 requires.[1] *See Kirby v. Dept. of Public Safety,* 262 N.W.2d 49 (S.D.1978).

Probably cause for arrest exists where facts and circumstances within a police officer's knowledge of which he had reasonably trustworthy information "are sufficient in themselves to warrant a belief by a man of reasonable caution that a crime has been ... committed." *Klingler v. United States,* 409 F.2d 299, 303 (8th Cir.1969), *cert. denied,* 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969). As we stated in *State v. Hermandson,* 84 S.D. 208, 213, 169 N.W.2d 255, 258 (1969):

Officers are not required to know facts sufficient to prove guilt, but only knowledge of facts sufficient to show probable cause for an arrest or search. These are factual and practical considerations of everyday life on which rea-

---

1. SDCL 32–23–10 provides:

   Any person who operates any vehicle in this state is considered to have given his consent to a chemical analysis of his blood, breath or other bodily substance to determine the amount of alcohol in his blood, as provided in § 32–23–7, and to determine the presence of marijuana or any controlled drug or substance, provided that the test is administered at the direction of a law enforcement officer having *lawfully arrested* the person for a violation of § 32–23–1. (emphasis added)

   The person shall be requested by the officer to submit to the analysis and shall be advised by the officer that:
   (1) If he refuses to submit to the chemical analysis, none may be given;
   (2) If he refuses to submit to the chemical analysis, his driver's license shall be revoked for one year, unless pursuant to § 32–23–11.1 he pleads guilty to a violation of § 32–23–1 prior to a revocation order being issued; and
   (3) He has the right to have a chemical analysis performed by a technician of his own choosing at his own expense, in addition to the test requested by the officer.

sonable and prudent men, not legal technicians, act.

See Anderson v. Sager, 173 F.2d 794 (8th Cir.1949).

State v. Fonder, 323 N.W.2d 131, 132–33 (S.D.1982), quoting State v. Oyen, 286 N.W.2d 317, 318–19 (S.D.1979). See Dept. of Public Safety v. Gates, 350 N.W.2d 59 (S.D.1984); In re Campbell, 250 N.W.2d 280 (S.D.1977). In this case ample probable cause existed to arrest Olien. Hence, the provisions of SDCL 32–23–10 were available to support the revocation of his license. See Kirby, supra.

Olien employs the dismissal of the criminal prosecution to support his argument that there was no probable cause for his arrest. We decline consideration of the effect of this dismissal, however, because the record reveals the only source of this information was Olien's vague testimony that he overheard "someone" say there was no reason to stop him. Important questions of law must be decided on more valid and specific evidence. Moreover, a prosecutor's determination of lack of probable cause is not controlling on this issue.

█ Olien also claims that his license could not be revoked because the trooper erroneously advised him of the consequences of his refusal by stating that the Department "can" revoke his driver's license instead of advising him that the Department "shall" revoke his license. We hold the officer's advice substantially complied with SDCL 32–23–10(2), which, among other things, requires that a driver be advised of the consequences of his refusal. See State v. Braunesreither, 276 N.W.2d 139 (S.D.1979) (Advice that driver's license "will be revoked" substantially complied with prior implied consent statutes); Commonwealth v. Tuemler, 526 S.W.2d 305 (Ky.1975) (Advice to driver that "chances [were that he] would lose his driver's license" substantially apprised him of consequences of his refusal); compare State v. Bunnell, 324 N.W.2d 418 (S.D.1982) (Failure to advise that a subsequent plea of guilty would prevent revocation of a driv-

er's license was not substantial compliance with implied consent statutes); contra Decker v. Dept. of Motor Vehicles, 6 Cal.3d 903, 101 Cal.Rptr. 387, 495 P.2d 1307 (1972) (Advice to driver that driving privileges "could" be suspended was insufficient.).

█ Finally, Olien argues that the failure to advise him that his refusal could be used as evidence against him violated his right to due process and his right not to be compelled to give evidence against himself. He relies primarily on State v. Neville, 346 N.W.2d 425 (S.D.1984), which was overruled by State v. Hoenscheid, 374 N.W.2d 128 (S.D.1985). Even before it was overruled by Hoenscheid, Neville could not support Olien's argument that he had to be informed his refusal could be used as evidence against him.[2] In both Neville and Hoenscheid the court was asked to give effect to the defendants' constitutional right not to give evidence against themselves in criminal proceedings. This case however, is an appeal from a civil administrative proceeding to revoke Olien's driver's license. See Nieman v. Dept. of Public Safety, 339 N.W.2d 795 (S.D.1983); In re Mehrer, 273 N.W.2d 194 (S.D.1979). Hence, Olien was not protected by the right not to give evidence against himself and he did not have to be so advised. See Campbell, supra. Nor was Olien's right to due process violated in this civil revocation proceeding since the trooper clearly followed SDCL 32–23–10 and advised him that his refusal to take the test could result in the revocation of his license. We hold that the trooper's failure to advise Olien that his refusal could be used as evidence against him did not prevent the Department from revoking Olien's driver's license in the civil administrative proceeding.

The judgment is affirmed.

MORGAN, J., and WUEST, Circuit Judge, acting as a Supreme Court Justice, concur.

2. Additionally, Neville was decided in March 1984, two months after Olien was arrested.

HENDERSON, J., dissents.

HERTZ, Circuit Judge, acting as a Supreme Court Justice, not participating.

HENDERSON, Justice (dissenting).

We have another affirmance for the State even though there has been a flagrant error by a motor patrolman in advising a citizen of his rights. Therefore, I dissent.

Once defendant was stopped for speeding, all other facts flowed which established probable cause for arrest. Hence, I cannot accept Olien's probable cause argument.

The pith of the warning by the officer must be that the driver's license *shall* be revoked for one year, not that it "may be revoked" or "might be revoked" or "can be revoked." There is nothing ambiguous about the statute. Read it. SDCL 32–23–10 plainly states in part:

The person *shall* be requested by the officer to submit to the analysis and *shall* be advised by the officer that:

\* \* \* \* \* \*

(2) If he refuses to submit to the chemical analysis, his driver's license *shall* be revoked for one year....

(Emphasis supplied.)

Thus, this motorist was given improper advice by the motor patrolman, for the motor patrolman read verbatim from a card which stated that the Department of Public Safety "can" revoke his driver's license. This driver was not fully informed of the consequences of his refusal. Our state law said that he was entitled to know of the consequences. So it is absolutely beyond me as to how the majority opinion can rationalize the clear intent of this statute into something other than what it unequivocally mandates. "Since our statute requires it, an arresting officer is obligated to inform a driver of the consequences in the event of his refusal to submit to a test." *Chmelka v. Smith,* 81 S.D. 40, 44, 130 N.W.2d 423, 425 (1964). *Accord* with my writing: *Decker v. Dep't of Motor Vehicles,* 6 Cal.3d 903, 495 P.2d 1307, 101 Cal.Rptr. 387 (1972). The majority's pivotal rationale is moored to the officer's "substantial compliance." The heart of the warning, as expressed by the statute, is that the person *"shall* be advised by the officer" that "[i]f he refuses to submit to the chemical analysis, his driver's license *shall* be revoked for one year...." SDCL 32–23–10(2). This Court deeply analyzed this "substantial compliance rule" in *State v. Bunnell,* 324 N.W.2d 418, 419–20 (S.D.1982). We stated that substantial compliance with the statute "means actual compliance in respect to the substance essential to every reasonable objective of the statute." *Id.* at 420. We then cited *Coe v. Davidson,* 43 Cal.App.3d 170, 117 Cal.Rptr. 630 (1974). We further cited *Kasner v. Stanmire,* 195 Okla. 80, 155 P.2d 230 (1944), which holds that substantial compliance is not shown unless it is made to appear that the purpose of the statute is shown to have been served. I submit that by every authority in this state, and by the absolute requirements of the statute, the majority opinion grievously erred in its analysis.

As this was a civil revocation proceeding involving the loss of a driver's license for one year, and not a criminal proceeding per se, I find it unnecessary to address the legal issues addressed by *State v. Neville,* 346 N.W.2d 425 (S.D.1984), and *State v. Hoenscheid,* 374 N.W.2d 128 (S.D.1985).