## CIRCUIT COURT OF FREDERICK COUNTY

Commonwealth of Virginia

    v.

Bobby Lee Bly

October 27, 1986

Case No. Cr-5117

By JUDGE ROBERT K. WOLTZ

The issue in this case is the sufficiency of the warning to the defendant respecting his loss of driving privileges for unreasonable refusal to take a blood alcohol test under the implied consent law after his arrest on a charge of driving under the influence of alcohol.

At trial the arresting officer testified he "informed the defendant of the implied consent law" and on cross-examination that the defendant had a right to a blood or breath test and if he refused he "could be charged with refusal" or "refusal could be a charge against him" or words to that effect. The defendant chose a blood test and the officer transported him to the hospital where when requested to sign a hospital consent form to the withdrawing of blood the defendant would not take the test without first calling his mother or family doctor, or perhaps have his family doctor present. The defendant never said he would not take the test, but he conditioned it in this manner.

Words then passed between the officer and the defendant which led to a physical altercation resulting in the defendant's being handcuffed, and he was taken before a magistrate in pursuance of Code § 18.2-268(c). In compliance with the code section the magistrate advised the

defendant concerning the implied consent law requiring a blood or breath test and the penalty for refusal. There the defendant did not consent to the test and refused to sign the declaration of refusal provided for in the form specified in § 18.2-268(j). Thereupon the magistrate executed the certificate provided on the form certifying that he advised the defendant of the consequences of an unreasonable refusal, that the defendant refused the test and also refused to execute the declaration of refusal. The certificate is in evidence.

Defense motion to strike the Commonwealth's evidence was denied, the jury hung, the defense renewed its motion and the motion is now formally ruled upon. The principal burden of the defendant's argument is that at the time of arrest the officer did not give proper advice and warning to the defendant concerning his loss of driving privileges for unreasonable refusal to take the test. He cites the officer's language that the defendant "could" be charged for refusal rather than that the defendant would be charged with refusal. He cites *Welch* v. *Department of Motor Vehicles*, 536 P.2d 172 (Wash. App. 1975). There an officer's warning that the driver "could" lose his license was held insufficient under the implied consent statute because the statutory requirement was "to afford [the operator] the opportunity of exercising an intelligent judgment," and "could" expressed merely a possibility of loss of privileges, and the warning given failed in this. Similarly in *Commonwealth* v. *Landau*, 492 A.2d 47 (Pa. Cmwlth. 1985), the police officer's warning that the driver's license "would be subject" to suspension was insufficient as a warning, the statute providing the license "will be" suspended. *See also Connolly* v. *Washington*, 487 P.2d 1050 (Wash. 1971); *Everhart* v. *Commonwealth*, 420 A.2d 13 (Pa. Cmwlth. 1980); and *Decker* v. *Department of Motor Vehicles*, 495 P.2d 1307 (Cal. 1972). *Contra: Revocation of Driver's License of Olien*, 378 N.W.2d 262 (S.D. 1985), and *Commonwealth* v. *Tuemler*, 526 S.W.2d 305 (Ky. 1975). Though the statutes involved in the cases are not set out in full it appears from them that their implied consent laws put the burden of mandatory warning on the police officer without reference to further appearance in that regard before some other officer, judicial or otherwise.

Subsection (c) of our statute that a person arrested for driving under the influence if "after having been

advised by the arresting officer [of implied consent to alcoholic content test] and that unreasonable refusal to do so constitutes grounds for revocation" of operating privileges refuses the test, then "the arresting officer shall take the person arrested before a committing magistrate." If he again refuses after being further advised on the matter by the magistrate, he executes a refusal, in default of which the magistrate executes a certificate of refusal.

While procedure in charges of refusal to take the alcohol test is the same as for misdemeanors, trial by jury is available and the case must be proven beyond a reasonable doubt, subsection (p), yet the proceeding is not criminal in nature but "civil and administrative." *Deaner* v. *Commonwealth*, 210 Va. 285 (1969); *City of Norfolk* v. *Brown*, 218 Va. 924 (1978). Being a civil proceeding, in the former case refusal to take the test without first having an opportunity to consult counsel was held an unreasonable refusal, and in the latter case the prosecution was held to have a right of appeal from the trial court.

Second, by subsection (m) the declaration of refusal or, as in this case, the certificate of the magistrate "shall be *prima facie* evidence that the defendant refused to submit" to having the test. In reading subsections (c) and (m) together an intent appears that when it becomes necessary to take the driver before the magistrate the prior advice of the officer becomes of secondary importance and the procedures before the magistrate become paramount. The refusal certificate of the magistrate, not the advice given previously by the officer, becomes the *prima facie* evidence of refusal.

No doubt this is a wise provision. Under the exigencies of arresting for driving under the influence, out on the highway, often late at night, perhaps with the emergency of personal injuries present, possible noise and confusion and traffic in the vicinity and not infrequently a difficult or unruly arrestee involved, some lack of precision in the advice given by the arresting officer would not be unusual. Advising an arrestee as to his rights under the implied consent law and the consequences of his refusal can be much more effectively and precisely given in a quieter and more formal atmosphere before a detached judicial officer.

In *City of Norfolk* v. *Brown*, the arresting officer asked the driver whether he wished to take a blood or breath test and the latter refused to make a choice. The officer then said if he refused to take one or the other he "would be charged with another offense." It was conceded this was an imperfect warning. Later at the police station a sergeant advised him of the implied consent law and the consequences of an unreasonable refusal. The driver still refused to choose, was taken before a magistrate, who advised him to the same effect, and the driver persisted in his refusal. The Court held that substantial compliance with the ordinance was all that was required, stating:

> As noted, a refusal proceeding is administrative and civil in nature. The Norfolk ordinance is remedial in character, and it is to be liberally construed. While the purpose of § 29-44(c) is to insure that a refusal is knowing and intelligent, it would be unrealistic to say that the ultimate refusal in this case stemmed from any ignorance of the requirements of the ordinance or the consequences of an unreasonable refusal to take one of the prescribed tests. Brown was fully informed twice of these matters. The advice given by the desk sergeant and by the magistrate served the purpose of, and constituted substantial compliance with, Section 29-44(c). To hold otherwise would exalt form over substance.

Even in the Pennsylvania case of *Everhart*, cited by the defendant in support of his motion, *Moran* v. *Commonwealth*, 403 A.2d 637 (Pa. Cmwlth. 1979), was referred to as showing substantial compliance with the mandatory advisory provisions of the implied consent law. In *Moran*, though the advice of the arresting officer was imperfect, the defendant requested and read a copy of the applicable section. The holding was that the driver had been properly informed.

The pending motion of the defendant to strike is denied. Under the evidence presented, as a matter of law the defendant was satisfactorily informed as required by § 18.2-268 and further as a matter of law he refused the test. The only remaining issue to be tried is whether that refusal was unreasonable.